Grover, J.
 

 During the year 1867, the defendant was repair contractor for section number one upon the Chenango canal, which included lock nine. By his contract, he was required to make all repairs upon the section necessary to keep it in a good, safe, navigable condition. A neglect to perform this duty rendered him liable to an action by a party navigating that portion of the canal, who sustained an injury from such neglect for the recovery of damages caused thereby.
 
 (Robinson
 
 v.
 
 Chamberlin,
 
 34 N. Y., 389.) Whatever doubts may have existed in respect to such liability before the determination of this case, must be regarded as settled by that determination, and by that in other like cases, which have been since decided in the same way by this court upon the
 
 *132
 
 authority of that case. This being so, the counsel for the appellant does not question his liability to the plaintiff for the injury sustained in the present case upon the facts found by the referee. Eo such question could be made, as the facts so found clearly'establish such liability to the extent of the damages recovered. The counsel insists that the referee erred in refusing to nonsuit the plaintiff upon the ground that the negligence of the person in charge of the plaintiff’s boat contributed to the injury received. The evidence shows that the captain of the boat, when he had come within about twenty rods of lock nine, upon his trip from Binghamton to Utica, stopped the boat and went forward to the lock. That no locktender was there or in sight. This was about seven or eight o’clock in the morning. That, although the defendant was required by his contract to employ two tenders for each lock and have one in constant attendance night and day, he did, in fact, employ but one tender for six locks; the two most distant being about a mile and a quarter apart, and lock nine about a mile distant from where the locktender lived. That consequently, to a great extent, there was no tender at any of these locks to pass boats through, and that the boatmen were compeled to do this for themselves. That this was done not only with the knowledge and approbation of the locktender employed by the defendant, but, in many cases, by his express direction. That the captain of the plaintiff’s boat, in the usual way, opened the paddles of the upper gates to let the water into the lock, and, after a while, partly opened the gates, when the lower gates broke out, thereby causing such a current of water as drew the boat down to and partly within the lock, when it became wedged in and broken more or. less, which was the injury complained of. The imputed negligence was, that the captain knew that the lower heel-path gate was in such a dilapidated and ruinous condition, that it was exposing his boat to great danger by bringing it within twenty rods of the lock, when it was liable to destruction by the current caused by the breaking of the gates. Upon this point, the captain testified that, upon his
 
 *133
 
 previous trip, he .ascertained that the lower heel-path gate was very much out of repair, and that he was apprehensive of danger from its breaking. That it was in such a condition that horse-power was used in opening it. That this was likely to produce injury to the gate. This shows that some danger was to be apprehended by their navigating the canal in passing boats through the locks. But this was not sufficient to charge them with negligence. They were common carriers, and it was their duty to make all reasonable exertions to transport and deliver the goods intrusted to their care for this purpose. To proceed upon their trip so long as they believed there was a reasonable prospect that they could do so with safety, although by so doing some danger was to be incurred. There was no evidence tending to show that the captain did not so believe, and his conduct and testimony tends strongly to show that he did. In order to charge negligence upon those navigating that part of the canal from their attempts to navigate it, merely so as to deprive them of all remedy for injuries sustained, it must have been shown that the defendant had so far violated his contract to maintain a good, safe, navigable condition, that it was imprudent to attempt such navigation at all. This remark does not include sudden and unexpected breaks from courses not within the control of the contractor. Such injuries to the canal or structures have no application to the present case. The gate in question had been out of repair for months, and this to the knowledge of the tender and other employes of the defendant and those navigating that part of the canal. Although the navigation was somewhat unsafe, yet the evidence fails to show that the defendant had so far violated his contract as to make an abandonment of the navigation necessary by reason of the obvious dangers to be encountered. The captain was not, therefore, guilty of negligence in bringing the boat within twenty rods of the lock, and, in the usual way, attempting to let the water into the lock to enable him to pass his boat through it. It is further insisted that the evidence shows that the tow-path gate, which the referee has found to have
 
 *134
 
 been good, first broke, and that the injury-was caused by this and not by the failure of the heel-path gate which was proved, and found by the referee to have been defective. In this I do not concur. Which gave out first, in fact the direct evidence fails to show. When both were at the same time operated upon by the same cause, a cause wholly inadequate to break either had both been good, and a break occurs, the presumption is that it was in consequence of the defective gate ; and this presumption is too strong to be overcome by the testimony of two or three experts, who give their conclusions based upon the broken pieces of the gates. The judgment appealed from must be affirmed with costs.
 

 All concur, except Bapallo, J., not voting.
 

 Judgment affirmed.