within easy reach of the city, so that his affidavit could be promptly secured. Where that is the case, the excuse is not sufficient. Fromme v. Lisner, 63 Hun, 290, 17 N. Y. Supp. 850. In the case cited, it is true, it did not appear that the party was without the state, but this is an immaterial distinction, the only question being whether he is reasonably accessible. As was said in the above case by Presiding Justice Van Brunt (page 292, 63 Hun, and page 851, 17 N. Y. Supp.): "Something must be shown to demonstrate the impossibility of getting the affidavit of the client." For the reasons which I have given it is plain that the motion must be denied, with $10 costs. I have considered the question whether I should grant leave to renew the motion upon additional papers, but I am satisfied that, in view of the facts disclosed here, it would be an abuse of discretion to do so.

Motion denied, with $10 costs.

---

(49 App. Div. 94.)

### TURRELL v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. March 27, 1900.)

RAILROADS—ACCIDENT AT CROSSING.

　　Plaintiff was injured by being struck by a railroad engine as he was attempting to cross the track. The morning was foggy, but the sight was unobscured for a distance of about 200 feet, and plaintiff stated that he stopped, and looked and listened, before attempting to cross. There was some evidence that no warning was given. *Held*, that the question of contributory negligence was for the jury, and it was error to dismiss.

Appeal from trial term, Orange county.

Action by John Turrell, by Joseph P. Turrell, guardian ad litem, against the Erie Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Thomas Watts, for appellant.

Henry Bacon, for respondent.

HIRSCHBERG, J. The plaintiff sues for injuries alleged to have been received by accident at the city of Middletown, in Orange county, on the 11th day of December, 1897. He was then in his thirteenth year, and undoubtedly sui juris. The accident occurred at a street crossing of the defendant's tracks where he had been for a long time in the habit of crossing three or four times a day, and he was familiar with the trains going both days, had waited many times for them to pass, and clearly understood the dangers incident to the crossing. On the morning of the accident he was on his way to the grocery store, and was to cross the tracks from the northerly to the southerly side. When he reached the crossing there were two freight trains about 150 feet apart, and going west. They were going slowly. The first one was made up of high box cars. He waited until it had passed him, or, as he says, "I watched it out

of sight," and then, after listening, and looking up the track to the west, and seeing no train, and hearing no bell or whistle, he started across, and before reaching the east-bound track collided with an engine of an east-bound train, which was running at the rate of 15 or 20 miles an hour. There was ample evidence to justify a finding by the jury that the east-bound train gave no signal of its approach to the crossing, but the dismissal was apparently based on the fact that as, in the words of the learned trial justice, "he was struck, not by the front of the locomotive, but by some overhanging part," he must have been standing too close to the track. His evidence, however, is to the effect that he was not standing by the track, but was walking at the time; that he did not see the train at all until he was struck; and that he looked and listened for the bell and train before attempting to cross. The morning was very foggy, but the evidence indicates that sight was unobscured for a distance of at least 200 feet. Nevertheless his statement that he did look, but did not see the train, required the submission of the question to the jury as one of fact, and forbade its disposition by the court as a matter of law. In the case of Shaw v. Jewett, 86 N. Y. 616, the accident occurred at a railroad crossing; the negligence charged being the failure to ring the bell as the engine approached. The court was asked to charge the jury that, if they believed that the plaintiff could have seen the train at distance enough from the track to have stopped his horse before reaching the track, his failure to see the train was negligence on his part, and he was not entitled to recover. The court refused so to charge, and the court of appeals held that it was no error. That court said (page 617):

"That is not the rule. The plaintiff is not bound to see. He is bound to make all reasonable effort to see that a careful, prudent man would make in like circumstances. He is not to provide against any certain result. He is to make an effort for a result that will give safety; such effort as caution, care, and prudence will dictate."

In Greany v. Railroad Co., 101 N. Y. 419, 5 N. E. 425, it was held that, while a person approaching a railroad crossing is bound to make all reasonable efforts to see that a careful, prudent man would make in like circumstances, his failure to see an approaching train does not, of itself, discharge the company from liability for negligence on its part. Judge Danforth, writing the opinion of the court, and referring to the rule in Shaw v. Jewett, supra, said (page 425, 101 N. Y., and page 427, 5 N. E.):

"I know of no exception to the doctrine that where there is any evidence, direct or inferential, of care or caution on the part of the person injured, the question whether it was in compliance with that rule is for the jury."

In Miles v. Railroad Co., 86 Hun, 508, 33 N. Y. Supp. 729, affirmed in 155 N. Y. 679, 50 N. E. 1119, plaintiff testified that she looked, but did not see the approaching train. The court said (page 509, 86 Hun, and page 730, 33 N. Y. Supp.):

"On the whole case, as the facts appear on this trial, I think the question of contributory negligence was for the jury, within principles established in Hoag v. Railroad Co., 111 N. Y. 199, 18 N. E. 648, Massoth v. Canal Co., 64 N. Y. 524, and like cases. In the Hoag Case deceased and her husband could see

down the track a long distance for 70 feet before reaching it, yet the court held the case should have been submitted to the jury."

In Seeley v. Railroad Co., 8 App. Div. 402, 40 N. Y. Supp. 866, it was held that, on proof that the deceased looked both ways before crossing a track, the question of contributory negligence is for the jury. The court said (page 406, 8 App. Div., and page 868, 40 N. Y. Supp.):

"But whatever explanation may be adopted as regards the failure of the plaintiff's intestate to avail herself of the opportunity, which was afforded by the conditions surrounding her, to observe the approach of the train which struck her, the fact remains, uncontradicted by any oral proof, that the girls looked in both directions before stepping upon the track; and the rule seems now to be pretty well settled in this state that where this is done a question of fact is generally created, and that a recovery is not necessarily impossible, because it can be shown that an approaching train might and ought to have been discovered by one who was upon the lookout for it. Beckwith v. Railroad Co., 54 Hun, 446, 7 N. Y. Supp. 719, 721, affirmed in 125 N. Y. 759, 27 N. E. 408; Miller v. Same, 82 Hun, 164, 31 N. Y. Supp. 317, affirmed in 146 N. Y. 367, 41 N. E. 90; Parsons v. Same, 113 N. Y. 355, 21 N. E. 145, 3 L. R. A. 683; Greany v. Railroad Co., 101 N. Y. 419, 5 N. E. 425."

To the like effect is the case of Judson v. Railroad Co., 158 N. Y. 597, 53 N. E. 514.

The most recent expression of the court of appeals on this subject is in the case of Zwack v. Railroad Co., 160 N. Y. 362, 54 N. E. 785. There, a boy 10 years old, injured at a railroad crossing in a city street, testified that on arriving at the center of the first side track he stopped, and looked both ways; that he saw or heard no engine from the east, but did see two engines, coupled together, coming from the west; that he waited for them to pass, and then immediately started across the tracks, and when about 25 feet from where he stopped to allow the engines to pass was struck by a passenger train coming from the east. No circumstance appeared to indicate that the approaching train was not in view before he reached the track, and observable to any one looking in its direction, yet the court held that the question of contributory negligence, as thus presented, was one of fact, and not of law. The court said (page 367, 160 N. Y., and page 786, 54 N. E.):

"But, it may be asked, if he looked towards the east at all, why did he not see the coming train, and avoid it? That question may be asked, and generally is, in every case of this character. It is an argument to be addressed to the jury, and not to a court dealing with questions of law only."

In view of these decisions, it seems unnecessary to refer in detail to the many cases cited by the respondent, wherein, under given circumstances, the courts have held that the injured persons did not actively exercise their power of vision to the extent of establishing freedom from contributory negligence. It is sufficient to say that none of them is in necessary conflict with the principle herein considered. Each case rests upon its own facts. Facts are so flexible, and a slight change in condition or circumstance is often so potent in its relation to a particular case, that superficial observation may easily be betrayed into the belief that the current of authority has been diverted. In any event, it would seem unreasonable to expect that general principles of law can always be ap-

plied with unerring consistency to the ever-varying combinations of chance and accident. In many of the cases referred to by the respondent,—as, for example, in Tucker v. Railroad Co., 124 N. Y. 308, 26 N. E. 916,—there was not, in the opinion of the court, sufficient evidence that the individual did in fact look before attempting to cross the track. The evidence in that case was merely to the effect that before starting to cross the tracks his face was turned in the direction of the subsequent danger. But he had a number of tracks to cross, with a continuously unobstructed view, and before being struck had proceeded 14 feet without once looking in the direction from which the engine came. The decision rested upon the principle (page 314, 24 N. Y., and page 917, 26 N. E.) that "it will not be presumed that he looked; it must be proven."

In this case, however, the plaintiff repeatedly testified, in answer to his counsel, to the defendant's counsel, and to the court, that he did look in the direction from which the train came, and that he did listen. If this be true, he did all which the law requires of him. That he did not see the train is a circumstance which may very strongly tend to negative his statement, but the extent to which it does so is for the jury to determine, and not for the court. The case must be retried.

Judgment reversed, and new trial granted, costs to abide the event. All concur.