(61 App. Div. 134.)

### HUDSON v. ERIE R. CO.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

RAILROADS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.

> Plaintiff was an active young man, familiar with the operation of de-
> fendant's railroad at the place where he was injured. Trains were ac-
> customed to pass there with great speed. When 25 or 30 feet from the
> tracks, plaintiff looked towards the west, where his view was unob-
> structed for about 900 feet. He then walked towards the tracks without
> again looking towards the west. A freight train was approaching from
> the east. Plaintiff hesitated before attempting to cross in front of the
> freight train, and was struck by an east-bound train and injured. Held,
> that he was guilty of contributory negligence in not looking towards the
> west when he was at such a distance from the track that such precaution
> would have enabled him to avoid the danger.

Appeal from trial term, Orange county.

Action by George C. Hudson against the Erie Railroad Company.
From a judgment for plaintiff and an order denying a new trial,
defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN,
and INGRAHAM, JJ.

Henry Bacon, for appellant.
John M. Gardner, for respondent.

INGRAHAM, J. There is a serious question whether the evi-
dence sustains the finding that the defendant was guilty of negli-
gence, which it is not necessary to determine, as we are satisfied
that upon the whole case the finding of the jury that the plaintiff
was free from contributory negligence is unsupported. The plain-
tiff, an active young man about 20 years of age, was employed as a
clerk in a store located near the depot of the defendant in the vil-
lage of Monroe, and was familiar with the operation of the rail-
road of the defendant at that locality, upon which trains were in
the habit of passing at great speed. He left the store where he
was employed to deposit a letter in the post office, which was lo-
cated just behind the railroad depot. Leaving the post office, he
walked towards the tracks to recross. He says that when he got
to the corner of the depot, about 25 or 30 feet from the track, where
his view of the track to the west was unobstructed for about 900

feet, he looked to the west, and listened for a train, but could not see or hear one approaching from that direction. He then looked to the east, and saw an approaching freight train coming upgrade at a comparatively slow pace. He stopped, and hesitated a moment, as to whether he would cross in front of the freight train, determined to make the attempt, and then started to cross the tracks. There was a large bell, which was operated by electricity, to give notice of the approach of trains. This bell at the time was ringing, and indicated that a train was approaching. Before he had reached the track upon which the freight train was coming, he had to cross the track of the east-bound train, and, without again looking for a train coming from the west, although he had an unobstructed view of the track in that direction for about 900 feet, he walked along until he came to the east-bound track, when he heard a shout, and then, turning his head, saw the engine of an approaching train 100 or 150 feet away. He jumped back, but in some way was struck, causing a fracture of the left arm, and, falling, his foot was run over, from which resulted its amputation. Several of the witnesses who saw the accident testified to his walking down and stepping upon the track in front of this approaching train, throwing up his arms, and jumping back, then in some way falling down. Plaintiff says that his arm was struck by the piston or connecting rod of the locomotive, and this is corroborated by several of his own witnesses. It is quite evident that he was not struck by the front of the engine, for, had he been, considering the speed of the train, he would have been thrown a considerable distance; yet the evidence is uncontradicted that he fell alongside of the track. The testimony of the engineer and the fireman of the west-bound train, and the engineer and the other employès of the freight train, tend to show that the plaintiff never was on the track in front of the approaching train, but that, as he started to cross the track, concentrating his attention upon the freight train approaching from the east, he got so near to the engine of the east-bound train before he discovered it that in some way his arm was caught by the piston or connecting rod of the locomotive, he was thrown down, and his foot got under the wheels. It does not seem to me, in determining this question, that it is at all material which view is taken. Whether the plaintiff stepped upon the track in front of this approaching train, or whether he walked so near to the locomotive that he was struck, is immaterial. What is evident and undisputed is that he walked from a point from 25 to 30 feet from the track without looking or listening for an approaching train, with his attention attracted by the train approaching from the east, and deliberately walked in front of or so near the train approaching from the west as to be struck. It undoubtedly is true that the plaintiff's attention was distracted by the approaching freight train, and in determining the question whether or not he would attempt to cross in front of it or wait until it had passed. The approaching freight train, however, was not in a position which in any way obstructed the plaintiff's view of the train from the west, or relieved him from the obligation of making some investi-

gation as to whether there were trains approaching from the west which would interfere with his crossing the track in safety. The plaintiff testified that it took him about 7½ seconds to walk from the place from where he looked towards the west to the track itself, and that when about 10 or 12 feet from the track he hesitated one or two seconds, and that it was 10 or 11 seconds from the time he started to walk to the track until he was upon it. Thus he walked from 25 to 30 feet, stopping to hesitate for a second or two, and then started up again, walking upon the track without taking any care to ascertain whether or not there was any approaching train which would render his crossing the track dangerous. It seems to me that this is, under the rule well established in this state, inconsistent with that care and prudence which a person is bound to exercise before crossing the track of a steam railroad. The question is not unlike that presented in Woodard v. Railroad Co., 106 N. Y. 369, 13 N. E. 424, and Tucker v. Railroad Co., 124 N. Y. 315, 26 N. E. 916, 21 Am. St. Rep. 670. In this latter case the court said:

"But, if the inference was permissible that he looked at the moment of changing the bag, it does not meet the requirements of the case. He had still six tracks to cross, and was then eleven feet from the south rail of the first track. To look then, and not again; to go on from that point without observing the further precaution of watching for the approach of trains upon tracks almost constantly in use,—was not a proper observance of that care which it was his duty to exercise."

In Young v. Railroad Co., 107 N. Y. 500, 14 N. E. 434, was also presented a question similar to that under consideration. The accident in that case happened upon the defendant's railroad passing through the city of Binghamton. There were two tracks, one used for eastward and the other westward bound trains. The plaintiff was walking in the center of the street which crossed these tracks, and passed through a space between two sections of a freight train standing upon the south track, and, stepping upon the north track, he was struck by the engine going west, and badly injured. The plaintiff testified he looked while passing over the space of about 60 feet, and until he came within 15 feet of the south track of the railroad, and that he did not and could not see an approaching train on the north track. This north track was straight for at least half a mile towards the east, and the moment that the plaintiff got upon the middle of the space between the two tracks he could have seen a car approaching from the east for that distance. "He was walking very rapidly, perfectly familiar with the location, and the use which was ordinarily made of the two tracks, and as he crossed through the opening between the parts of the standing freight train, instead of looking east, from which a train would ordinarily come on the north track, he looked to the west, and heedlessly stepped immediately in front of the engine. As he passed over the north rail of the south tracks, a single glance to the east would have disclosed to him the approaching train, and he would have escaped injury. He was in a place of some peril in crossing these tracks, and should have taken some care to protect himself. He was in no danger from the train on the south track, as that was stationary. ...

If that, to some extent, obstructed his view upon the north track, there was so much greater reason for him to take an observation the moment he had crossed the south track, so as to see whether he could cross the north track with safety; and for not doing so he is chargeable with contributory negligence, which bars his recovery." If the plaintiff in this case, before stepping upon the track, had turned his head, and looked again, or taken the slightest precaution to see whether a train was approaching from the west, he must have seen the train. He gives, and attempts to give, no excuse for this neglect. No necessity compelled him to cross this track in front of the freight train that was approaching from the east; and no reason is given why he did not look to see if a train was approaching from the west when he was such a distance from the track that to look would have enabled him to avoid the danger. He says he looked when he was about 25 or 30 feet away from the track, just as he came around the corner of the depot. If his story is true, this train was not then in sight, and yet it came in sight and reached the point which he intended to cross before he was able to cross in safety. The object of looking was to see if a train was in sight which would make it dangerous for him to cross the track, and the duty to look was not complied with by looking for a train when at such a distance from the track that, although the train was not then visible, it could come in sight after he looked, and be dangerous in crossing the track. Plaintiff was bound to look when he was in such a situation that he could see whether there was a train in sight which would prevent his crossing the track in safety. Looking before he reached the point that would give him that information, was not performing the duty resting upon him, and which he was bound to perform before he could be said to be free from contributory negligence. I cannot escape the conclusion that within the principle established in this state this was negligence which constitutes a bar to the plaintiff's recovering.

I think, therefore, that the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.