## TURRELL v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department.   July 25, 1901.)

RAILROADS—ACCIDENT AT CROSSING—CONFLICTING EVIDENCE.

    Plaintiff was injured by being struck by an engine as he was attempt-
ing to cross the track.  He had waited until a train had passed nearly
out of sight, when he attempted to cross, after having looked and listened,
and was struck by a train moving in the same direction, which had been
following the first train.  The engine whistle had been sounded once,
when the train was at a standstill, about 500 feet from the crossing, for
the purpose of having the brakes released, and the evidence as to the bell
being rung was conflicting.  *Held*, that the question of defendant's negli-
gence was for the jury.

Appeal from trial term, Orange county.

Action by John Turrell, by Joseph P. Turrell, guardian ad litem,
against the Erie Railroad Company.   From a judgment in favor of
plaintiff, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-
BERG, JENKS, and SEWELL, JJ.

Henry Bacon (Joseph Merritt, on the brief), for appellant.
Thomas Watts, for respondent.

WOODWARD, J.   This is an action for damages for personal in-
juries sustained by plaintiff in an accident, in which it is alleged that
the defendant was guilty of negligence producing the injuries, the
plaintiff being free from contributory negligence.   The case has
been tried four times.   On the first two trials the case was given to
the jury, resulting in disagreements.   On the third trial the plaintiff
was nonsuited; but upon appeal this court held that questions of fact
were presented by the evidence, which should have been submitted
to the jury (Turell v. Railroad Co., 49 App. Div. 94, 63 N. Y. Supp.
402), and upon the fourth trial the case was for a third time present-
ed to the jury, resulting in a verdict for $2,500.   On a motion being
made for a new trial, the learned trial justice granted the motion,
unless the plaintiff would consent to reduce the verdict to $1,000,
and, this stipulation being entered into, the motion was denied, the
defendant appealing.

After carefully following the brief of the learned counsel for the
defendant, we are unable to reach any other conclusion than that
the case presented a conflict of evidence upon the material issues,
which it was proper for the jury to determine, and that the verdict,
as it was finally settled, is supported by the evidence.   The facts in
the case do not appear materially different upon this trial from those
presented when the case was last before us, and it does not seem to
be necessary to restate them here, or to go over the argument by
which we previously came to the conclusion that the plaintiff was
entitled to have the jury pass upon the evidence.   We do not find in
Hudson v. Railroad Co. (Sup.) 70 N. Y. Supp. 350, that the facts are
so far similar to those presented in the present case as to afford
grounds for a reversal of this judgment.   In the Hudson Case there
was an electric alarm bell ringing at the time, indicating to the plain-

tiff, who was familiar with the situation, that a train was coming, which presented quite a different question from that disclosed by the evidence in the case now before us. In this case the engine which struck the plaintiff had been doing some switching down in the yard, some 500 feet away. The plaintiff was about to cross the track, but was prevented by a freight train going west, followed at a distance of about 150 feet by a second train, bound in the same direction, both trains moving slowly. After watching the first train until it was nearly out of sight, if we are to accept the statement of the plaintiff, the plaintiff listened for other trains, and after looking to the west, and seeing no train, he started to cross the east-bound track, when he was struck by the side bar or other projection of a passing engine, receiving the injuries complained of in this action. The negligence alleged on the part of the defendant was a failure on its part to give a proper warning of the approach of the train to the crossing. While it seems clear that the engine whistle was blown when the locomotive was at a standstill, and for the purpose of having the brakes released, we are unable to find any evidence that the whistle was blown for the purpose of giving warning of its approach to the crossing. It can hardly be said, as a matter of law, that a whistle blown 500 feet from a crossing, while the train was at a standstill, was intended to give adequate warning of an approach to the crossing, where this accident occurred. Upon the question of whether the bell of the engine was sounded, there was a conflict of evidence, and it was for the jury to say whether there was, under the circumstances disclosed by the evidence, an exercise of that reasonable degree of care which the defendant owed to the plaintiff in the operation of its trains over this crossing.

The question of contributory negligence was quite fully considered upon the former appeal, and we are of opinion that the law of this case is well settled. The judgment and order should be affirmed, with costs. All concur.