## MONTENES v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department.   December 9, 1902.)

1. STREET RAILROADS—ACCIDENT AT CROSSING—LOOKING AND LISTENING—EVIDENCE—SUFFICIENCY.

   In an action against a street car company for damages resulting from collision of defendant's car with plaintiff's cab at a street crossing, evidence considered, and *held* insufficient to support a finding that plaintiff was free from contributory negligence.

2. JUDICIAL NOTICE—SETTING OF SUN.

   The courts will take judicial notice of the rising or setting of the sun on any day, and may use the almanac· where such question is material for the purpose of refreshing the memory of the court and jury.

Appeal from municipal court, borough of Brooklyn.

Action by Francis F. Montenes against the Metropolitan Street Railway Company.   From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

G. Glenn Worden, for appellant.

K. C. & M. V. McDonald, for respondent.

WILLARD BARTLETT, J.   This action was brought to recover damages for injuries sustained by the plaintiff's cab in a collision with one of the trolley cars of the defendant at the intersection of Fifty-Eighth street and Madison avenue.   The cab was proceeding westwardly through Fifty-Eighth street at the rate of eight miles an hour, and the car was running northward through Madison avenue.   The driver of the cab testified that when he got to the crossing of Madison avenue and Fifty-Eighth street he looked up and down the track, and saw no car and heard no bell; that after that he knew nothing until he was knocked down; that he had then passed the first rail of the defendant's track; and that the next he knew was that he was picked up unconscious.   The same witness further testified:

"Q. Now, as I understand, when you were approaching Madison avenue, as you were approaching the easterly crosswalk,—this is the crosswalk on the east side of the avenue, running from the south side of 58th street to the north side,—as you were approaching that crosswalk, and while on 58th street, you looked up and down the avenue for cars?   A. I did.   *   *   *   Q. So that you had an unobstructed clear view of the avenue, north and south? A. Yes.   Q. After doing that you proceeded on across the avenue?   A. I did. Q. And the next thing you knew was when the crash came, when the car struck your coach?   A. Yes.   Q. Your knowledge of the fact that the car struck the rear wheel, as you testified, is derived from having seen the coach afterwards?   A. Yes.   Q. You did not see the car actually strike it?   A. No, sir.   Q. You did not know that the car was near **you** or going to strike **you**

¶ 2. See Evidence, vol. 20, Cent. Dig. § 21.

until you felt the crash? A. No, sir. By the Court: Q. Were you driving eight miles an hour when you were driving over the track? A. At that rate."

The accident occurred at about 5 o'clock in the afternoon of May 26, 1901. The driver stated that it had been raining during the day, but that he did not notice whether it was raining at the time of the collision. When asked whether it was not perfectly light at the time, he answered, "Well, it was getting dark;" but when his attention was called to the fact that it was not likely to be getting dark at that season of the year at 5 o'clock he characterized the condition of the atmosphere by the words, "Well, misty." There was no one on the seat with the driver, nor was there any projection from the carriage to prevent him from seeing up and down Madison avenue. He swore distinctly that he had an unobstructed, clear view of the avenue north and south, and notwithstanding this fact that he saw no car and did not know of the presence of any until he felt the crash of the collision.

I have stated all the evidence in the case which bears upon the conduct of the plaintiff's driver, and it seems to me that it fails to establish his freedom from negligence contributing to the accident. Under the circumstances it is incredible that he should really have exercised his power of vision in looking up and down Madison avenue, and have failed to see the car which struck his cab. As we said in Landrigan v. Railroad Co., 23 App. Div. 43, 48 N. Y. Supp. 454:

"Under the circumstances, as he narrates them, it is impossible to avoid the conclusion that if he had looked up the unobstructed street, to the extent and with the vigilance demanded by the exercise of ordinary prudence, he would certainly have perceived the car with which he collided a moment later."

It is plain enough that he would have seen the car if he had looked with any vigilance whatsoever.

The statement of the witness that it was "misty" at the time of the collision is not enough of itself to warrant the inference that his view was obstructed by haze or fog. In the first place he did not say that it was. The existence of mist was not suggested until the questions of counsel had made it manifest that the witness had seriously erred in saying that it was growing dark at 5 o'clock on the 26th of May in the city of New York. The courts will take judicial notice of the time of the rising or setting of the sun on any given day, and may consult the almanac where such question is material, not strictly as evidence, but for the purpose of refreshing the memory of the court and jury. State v. Morris, 47 Conn. 179; Case v. Perew, 46 Hun, 57; Hunter v. Railroad Co., 116 N. Y. 615, 622, 23 N. E. 9, 6 L. R. A. 246. The almanac contained in the official manual published by the secretary of state for the use of the legislature shows that in New York City on the 26th of May, 1901, the sun set at 20 minutes past 7, so that the collision must have occurred more than two hours before sunset. In the absence of distinct evidence that peculiar weather conditions prevailed at that time tending to obstruct the view of street traffic, it cannot be inferred that any degree of darkness existed which would have prevented the plaintiff's driver from seeing the car with which he collided if he had actually looked down Madison avenue for the purpose of observing what was there.

This view of the case requires a reversal on the ground that the decision below is against the weight of evidence. I do not mean to be understood as holding that the plaintiff's driver was guilty of contributory negligence as matter of law, for under the authorities his testimony to the effect that he looked and listened was probably enough to create a question of fact on that subject for the jury, if the case had been tried before a jury, and for the municipal court judge, as the case actually was tried before him, without a jury. Shaw v. Jewett, 86 N. Y. 616; Zwack v. Railroad Co., 160 N. Y. 362, 54 N. E. 785. But, assuming that there was this question of fact for the trier to pass upon, I think it clear that the conclusion in favor of the plaintiff was contrary to the preponderance of proof, and hence we should grant a new trial upon the usual conditions as to costs. All concur.