[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 226 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 227 
For the purposes of this discussion, the defendant's negligence must be deemed to have been established, since it is practically conceded that the evidence as to the speed of the train and the failure to give warning signals of its approach was sufficient to put the defendant to its proof upon that subject.
It is obvious, therefore, that the nonsuit herein was granted by the trial court, and sustained by the Appellate Division, upon the ground that the plaintiffs' intestate was clearly shown to have been guilty of contributory negligence, and thus the question presented on this appeal is, whether the evidence under this head was so clear and definite as not only to permit but require the legal conclusion that plaintiffs' intestate could not have been injured but for his own lack of care. This question must be considered in the light of the inferences most favorable to the plaintiffs deducible from all the evidence. (McDonald v.Metr. S.R. Co., 167 N.Y. 66, and cases cited.) The so-called crossing cases are proverbially troublesome, for there are comparatively few instances in which the facts and circumstances, considered in connection with the oral testimony, lead so unerringly to a single conclusion as to permit the courts to hold, as matter of law, that contributory negligence has been established. The difficulty in such cases is not with the law, for that is too well settled for discussion, but with the application of the law to a given state of facts.
The case at bar is not free from embarrassment in this respect and that is really the best argument for the plaintiffs that can be made, because it presents the precise case in which *Page 229 
the court cannot assume to decide the question of contributory negligence without usurping the functions of the jury. The facts of this case, fairly stated and considered in the light of the inferences most favorable to the plaintiffs, do not so clearly establish the contributory negligence of plaintiffs' intestate as to remove the question from the domain of doubt into the realm of undebatable fact. In support of this suggestion we have but to refer to the persuasive, if not conclusive, circumstance that learned judges have differed as to the effect of the evidence in this record.
Without referring in detail to the facts, which are fully set forth in the foregoing statement, it is enough to say that this accident occurred in the night time, at a concededly dangerous crossing, under conditions and surroundings to which must be applied the rule of ordinary care in human conduct. This rule is to be measured, not by the great caution of one or the extreme carelessness of another, but according to the standard fixed by the consensus of common sense based upon human experience.
Was the plaintiffs' intestate reasonably and ordinarily careful of his own safety in the circumstances? It cannot be said that intelligent and reasonable men, applying the rule of ordinary care to the facts of this case, could not fairly differ in their answers to this question and, therefore, it is one for the arbitration of a jury and not for the decision of a court.
This is the rule of the cases Zwack v. N.Y., L.E. W.R.R.Co. (160 N.Y. 366); Judson v. Central Vermont R.R. Co. (158 N.Y. 605); Henavie v. N.Y.C. H.R.R.R. Co. (166 N.Y. 280);Thompson v. N.Y.C. H.R.R.R. Co. (110 N.Y. 636); Kellogg
v. N.Y.C. H.R.R.R. Co. (79 N.Y. 72) and Shaw v. Jewett
(86 N.Y. 616).
We shall not indulge in a dissertation upon the authorities cited, because, as has been stated, the question is primarily one of applying the particular facts to a well-settled rule of law. There are, however, expressions in several of these cases which so thoroughly fit the facts of the case at bar that we quote them simply to emphasize our conclusions. *Page 230 
In the Kellogg Case (supra) this court said: "There is considerable evidence in this case of measurements and experiments to show how a train approaching this crossing from the south could be seen from various points on this highway. Such evidence is frequently very reliable and satisfactory, but it is not necessarily conclusive. Such experiments are made when witnesses are calm and their whole minds free from any distractions, much intent upon the matter in hand. There may be a slight change in the intervening obstacles, and the speed of the approaching train is not there."
In the Shaw Case (supra) error was assigned on the judge's refusal to charge the jury: "That if they believe that the plaintiff could have seen the train, at distance enough from the track to have stopped his horse before reaching the track, his failure to see the train was negligence on his part and he was not entitled to recover." This court held that the refusal to so charge was not error and said: "That is not the rule. The plaintiff is not bound to see; he is bound to make all reasonable efforts to see that a careful and prudent man would make under like circumstances. He is not to provide against any certain result. He is to make an effort for a result that will give safety; such effort as caution, care and prudence will dictate."
The judgment of the court below should be reversed and a new trial granted, with costs to abide the event.
PARKER, Ch. J., BARTLETT, MARTIN and VANN, JJ., concur; GRAY, J., not sitting; HAIGHT, J., absent.
Judgment reversed, etc. *Page 231