MORSE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.   March 10, 1905.)

RAILROADS — CROSSING ACCIDENT — CONTRIBUTORY NEGLIGENCE — EVIDENCE — QUESTION FOR JURY.

In an action for injuries in a collision at a railroad crossing, evidence *held* to require submission of the issue of plaintiff's contributory negligence to the jury.

Woodward, J., dissenting.

Appeal from Trial Term, Dutchess County.

Action by Albert Morse against the New York Central & Hudson River Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

W. Farrington, for appellant.
Robert Wilkinson, for respondent.

RICH, J. At the close of the evidence a motion was made by counsel for the defendant to dismiss the complaint, which was de-

nied by the trial court, without prejudice to its renewal thereafter. The issues involved were submitted to the jury, and after their failure to agree upon a verdict, upon the renewal of the motion, the complaint was dismissed.

It is evident that the judgment appealed from is based upon the legal assumption that plaintiff was shown to have been guilty of contributory negligence by evidence so clear and definite as to compel the legal conclusion that he could not have been injured but for his own lack of care. The correctness of this assumption is the question presented by this appeal, and its consideration must be in the light of the inferences most favorable to the plaintiff which are fairly deducible from all the evidence. While there is considerable evidence in this case of measurements, observations, and calculations tending to establish, under certain conditions, to what extent and how far trains approaching the crossing at which plaintiff was injured could be seen from various points on the highway over which plaintiff was approaching the crossing, the existing conditions at the time of the injury, and the question of how far, under such conditions, the train which collided with plaintiff's horse might have been seen, were in issue, with evidence sufficient to sustain the contention of either party. Considering the defendant's evidence in the light most favorable to the plaintiff, the jury might have found that at a point 20 feet from the crossing the track could have been seen at the time of the injury for a distance of from 179 to 272 feet. Evidence given on the part of the plaintiff tended to establish that the train was moving at the rate of 60 miles an hour, at which speed it would have covered this distance in about three seconds. The plaintiff and his son both testified that at or near Doyle's house (about 150 feet from the crossing) they stopped and listened for a train, heard none, and continued to listen and look, both north and south, until they reached the crossing, and neither saw nor heard the train. If this be true, they did all that the law required of them. That they did not see the train, if it could have been seen, may be a circumstance tending strongly to establish contributory negligence on the part of the plaintiff; but the extent to which, if any, this was established, was a question for the jury, and not the court. Smith v. N. Y. C. & H. R. R. R. Co., 177 N. Y. 224, 230, 69 N. E. 427; Turell v. Erie R. R. Co., 49 App. Div. 94, 63 N. Y. Supp. 402.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur, except WOODWARD, J., who dissents.