ALBERT MORSE, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Negligence — collision at a railroad crossing — what proof as to the plaintiff's stopping and listening for a train makes the question of contributory negligence one of fact for the jury.*

In an action to recover damages resulting from a collision, at a highway crossing, between the defendant's railroad train and a horse and wagon driven by the plaintiff, the defendant's evidence, in the light most favorable to the plaintiff, established the fact that at a point 20 feet from the crossing the railroad track could have been seen for a distance of from 179 to 272 feet; that the train was moving at the rate of sixty miles an hour, at which speed it would have covered this distance in about three seconds.

The plaintiff and his son both testified that at a distance of about 150 feet from the crossing they stopped and listened for a train and heard none, and continued to listen and look without seeing or hearing a train until they reached the crossing.

*Held,* that the question as to the contributory negligence of the plaintiff was one for the jury and not for the court, and that it was consequently improper for the court to dismiss the plaintiff's complaint.

WOODWARD, J., dissented.

APPEAL by the plaintiff, Albert Morse, from a judgment of the County Court of Dutchess county in favor of the defendant, entered in the office of the clerk of the county of Dutchess on the 7th day of March, 1904, upon the dismissal of the complaint by direction of the court after a trial at a Trial Term of said County Court.

The action was brought to recover damages resulting from a collision between one of the defendant's railroad trains and a horse and wagon driven by the plaintiff, at a highway crossing.

*W. Farrington,* for the appellant.

*Robert Wilkinson,* for the respondent.

RICH, J.:

At the close of the evidence a motion was made by counsel for the defendant to dismiss the complaint, which was denied by the trial court without prejudice to its renewal thereafter. The issues involved were submitted to the jury and after their failure to agree upon a verdict, upon the renewal of the motion, the complaint was dismissed.

It is evident that the judgment appealed from is based upon the legal assumption that plaintiff was shown to have been guilty of contributory negligence by evidence so clear and definite as to compel the legal conclusion that he could not have been injured but for his own lack of care. The correctness of this assumption is the question presented by this appeal, and its consideration must be in the light of the inferences most favorable to the plaintiff, which are fairly deducible from all the evidence.

While there is considerable evidence in this case of measurements, observations and calculations tending to establish, under certain conditions, to what extent and how far trains approaching the crossing at which plaintiff was injured could be seen from various points on the highway over which plaintiff was approaching the crossing, the existing conditions at the time of the injury, and the question of how far, under such conditions, the train which collided with plaintiff's horse might have been seen, were in issue with evidence sufficient to sustain the contention of either party.

Considering the defendant's evidence in the light most favorable to the plaintiff, the jury might have found that at a point 20 feet from the crossing the track could have been seen at the time of the injury for a distance of from 179 to 272 feet.

Evidence given on the part of the plaintiff tended to establish that the train was moving at the rate of sixty miles an hour, at which speed it would have covered this distance in about three sec-

onds.   The plaintiff and his son both testified that at or near Doyle's house (about 150 feet from the crossing) they stopped and listened for a train, heard none, and continued to listen and look both north and south, until they reached the crossing and neither saw nor heard the train.   If this be true, they did all that the law required of them. That they did not see the train, if it could have been seen, may be a circumstance tending strongly to establish contributory negligence on the part of the plaintiff, but the extent to which, if any, this was established was a question for the jury and not the court.   (*Smith* v. *N. Y. C. & H. R. R. R. Co.*, 177 N. Y. 224, 230 ; *Turell* v. *Erie R. R. Co.*, 49 App. Div. 94.)

The judgment appealed from should be reversed and a new trial ordered, costs to abide the event.

HIRSCHBERG, P. J., JENKS and MILLER, JJ., concurred ; WOODWARD, J., dissented.

Judgment of the County Court of Dutchess county reversed and new trial ordered, costs to abide the event.