JAMES W. BROWN, Public Administrator of the County of Bronx, as Administrator, etc., of MARY AHEARN, Deceased, Respondent, Appellant, *v.* FRANCIS J. McCULLOUGH, Doing Business under the Trade Name and Style of F. J. McCULLOUGH Co., Respondent, Impleaded with FREDERICK W. GURNEY, Appellant.*

First Department, March 16, 1934.

* Motion for leave to appeal denied, 264 N. Y. 669.

*John J. McGinty* of counsel [*Joseph C. Thomson* with him on the brief; *Frederick Mellor*, attorney], for the defendant, appellant.

*John C. Spallone* of counsel [*William Levin* with him on the brief; *Levin & Spallone*, attorneys], for the plaintiff, appellant.

*Irving I. Goldsmith* of counsel [*Adolph Bruenner* and *Monroe H. Collenburg* with him on the brief; *Joseph L. Roesch*, attorney], for the defendant, respondent.

UNTERMYER, J.  This action was instituted to recover for the death of the plaintiff's intestate, which, it is alleged, resulted from the combined negligence of the defendants.  At the conclusion of the plaintiff's case, the complaint was dismissed as to McCullough and thereafter a verdict was rendered by the jury in favor of the plaintiff against Gurney.  The plaintiff appeals from the judgment dismissing the complaint as against McCullough.  The defendant Gurney appeals from the whole judgment.

We find no error in the judgment in favor of the plaintiff against the defendant Gurney.  We are further of opinion that, in so far as the action is dismissed as to the defendant McCullough, the defendant Gurney is not a " party aggrieved " (Civ. Prac. Act, § 557) within the meaning of section 211-a of the Civil Practice Act, and, therefore, is not in a position to appeal from that portion of the judgment.  (*Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124; *Price* v. *Ryan*, 255 id. 16.)

The propriety of the dismissal of the complaint as between the plaintiff and McCullough is before us, however, by the appeal which the plaintiff has taken from so much of the judgment as directs a dismissal of the complaint as to him.  There was evidence from which the jury might have found that the accident was partly due to the absence of a rear light on McCullough's truck, in violation of subdivision 6 of section 15 of the Vehicle and Traffic Law requiring vehicles standing in the highway to display such a light one-half hour after sunset.  There was also evidence that the accident, resulting in the death of Mary Ahearn, happened on November 8, 1929, at about five-thirty in the afternoon.  Since the court was required to take judicial notice that sunset on this date occurred at four-forty-four P. M. (*Case* v. *Perew*, 46 Hun, 57; affd., 122 N. Y. 665; *Montenes* v. *Metropolitan Street R. Co.*, 77 App. Div. 493), the failure to display a light would, under these circumstances, constitute a violation of the statute justifying an inference of negligence.  (*Giminski* v. *Irving*, 210 App. Div. 343.)  As to McCullough the complaint was, therefore, improperly dismissed.

The judgment in favor of the plaintiff against the defendant Gurney should be affirmed, with costs to the plaintiff, respondent, against said defendant. The judgment in so far as appealed from by plaintiff should be reversed and the action severed and a new trial ordered as against the defendant McCullough, with costs to the plaintiff to abide the event.

FINCH, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Judgment in favor of the plaintiff against the defendant Frederick W. Gurney affirmed, with costs to the plaintiff against the said defendant. Judgment in so far as appealed from by the plaintiff reversed, the action severed, and a new trial ordered as against the defendant Francis J. McCullough, with costs to the plaintiff against said defendant to abide the event.