On January 9, 1944, at 12:30 A.M., plaintiff’s intestate was operating an automobile which was in collision with a steel column supporting an elevated railroad structure, maintained by the City of New York on Northern Boulevard, in Long Island City. The injuries received in the collision resulted in his death. A written contract had been in effect between appellant and the City of New York, providing for the supply by appellant of electric current to the street lights in the borough of Queens, for the period from July 1, 1942 to June 30, 1943. Thereafter appellant continued to supply current, and certain services provided for by the contract, in the same manner as before its expiration, although the contract had not been formally renewed. On the morning ofi January 9, 1944, a number of street lights serviced by appellant had gone out, and it was alleged in the complaint that the accident which caused the death of plaintiff’s intestate was caused by negligence on the part of appellant which resulted in the failure of the lights and consequent darkness in the vicinity af *900 the column involved in the collision. Judgment, as resettled by order dated March 21, 1946, in favor of respondent, insofar as appealed from, reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. It is our opinion that, under the circumstances disclosed, respondent had no right of action for a violation of a duty imposed upon appellant by ’ contract with the City of New York, or by virtue of a relationship resulting from that contract. It has been held that where one contracts with a municipality to perform in its stead the duty resting upon it of keeping its streets in repair and ' safe for the passage of the public, and where because of neglect to perform the • duty a cause of action arises against the municipality, the action may be brought by the party injured directly against the contractor. (McMahon v. Second Avenue Railroad Company, 75 N. Y. 231; Johnson v. Belden, 47 N. Y. 130; Fulton Fire Insurance Co. v. Baldwin, 37 N. Y. 648.) We do not construe appellant’s contract, however, as one which was made with such an end in view. Neither by its contract, nor by the servicing of the city’s lighting system, had appellant obligated itself to perform on behalf of the public the duty which rested on the city, to maintain its streets in a reasonably safe condition, nor did it incur liability for a breach of that duty, if committed by the city, to the injury of one to whom appellant owed no immediate obligation. (Cf. Mock Go. v. Rensselaer Water Co., 247 N. Y. 160; Cochran V. Public Servicé Electric Co., 97 N. J. L. 480; Quinn v. Georgia Power Co., 51 Ga. App. 291.) We have not considered the findings by the jury to the effect that defendant City of New York was not negligent. (Brown v. McCullough, 240 App. Div. 381.) The finding that plaintiff’s intestate was not guilty of contributory negligence is reversed as > against the weight of the evidence, and the other findings of fact are affirmed. 1