█ RANFRO DEVELOPMENT CORP., Respondent, v. HOME FUNDING COMPANY, INC., et al., Appellants.— Order of the Supreme Court, Nassau County, dated July 22, 1966, and made on reargument, affirmed insofar as appealed from, with $10 costs and disbursements. Appeal from original order, dated July 13, 1966, dismissed insofar as appealed from, as academic, without costs. In our opinion, summary judgment was properly denied since issues of fact were raised relative to (1) equitable estoppel, (2) waiver of the provisions of the contract making time of the essence and (3) whether there was an oral modification as to adjournment of the closing date and, if so, whether the modification was *executed,* so as to take it without the Statute of Frauds (see *Alcon* v. *Kinton Realty,* 2 A D 2d 454; General Obligations Law, § 15–301, subd. 1; 10 N. Y. Jur., Contracts, § 345, pp. 323–324). Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

█ THOMAS RIVERA, an Infant, by His Guardian ad Litem, KAYE M. RIVERA, et al., Respondents, v. HARRY O'CONNOR, Appellant, and EUGENE LANGSAM, Respondent.— Judgment of the Supreme Court, Queens County, dated December 1, 1965 affirmed insofar as it is in plaintiffs' favor against defendant O'Connor, with costs to plaintiffs. No opinion. Appeal from so much of the judgment as dismissed the complaint against defendant Langsam dismissed, without costs. Appellant has no standing to appeal from the exoneration of his codefendant (*Brown* v. *McCullough,* 240 App. Div. 381, affd. 265 N. Y. 652; *Helou* v. *Nationwide Mut. Ins. Co.,* 25 A D 2d 179). Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.