■ GEORGE S. GOLDBERG, as Executor of FREDERICK C. BERNHARDT, Deceased, Appellant, v. STATEWIDE EXCAVATORS, INC., et al., Respondents.— In an action to recover damages for personal injuries and wrongful death, the appeal is from a judgment of the Supreme Court, Nassau County, dated ·November 1, 1967, in favor of defendants upon the trial court's dismissal of the complaint at the close of plaintiff's case. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were considered on this appeal. Defendants' truck became disabled at about 2:00 or 2:30 P.M. at the New Hyde Park entrance ramp of the Long Island Expressway on July 29, 1963. It was brought to a halt on a paved portion of the ramp about three feet north of the northernmost traffic lane of the expressway about 150 feet short of the end of the entrance strip. At about midnight the right front wheel of the automobile driven by the decedent collided with the left rear of the truck. There are no known witnesses to the accident. There was evidence in the case from which a jury might have found that defendants were negligent in not having brought the vehicle to a halt on that portion of the shoulder· of the entrance ramp which was of Belgian block construction. It could likewise have found negligence in the manner of placement of reflectors. Additionally, the failure to timely remove the vehicle raises questions of common-law negligence. (See *Brown* v. *McCullough,* 240 App. Div. 381, 382, affd. 265 N. Y. 652; *Johnson* v. *Budine,* 20 A D 2d 843; *Di Prisco* v. *Madison Trucking Corp.,* 277 App. Div. 843.) The question of proximate cause was similarly one for the jury. (Cf. *Van Horn* v. *Messina,* 3 A D 2d 918, affd. 4 N Y 2d 884; *Noseworthy* v. *City of New York,* 298 N. Y. 76.) Similarly, it cannot be held that the decedent was guilty as a matter of law of contributory negligence, as there are possible hypotheses under which fault would not necessarily be imputed to him. (Cf. *Paul* v. *Staten Is. Edison Corp.,* 2 A D 2d 311, 313; *Verdino* v. *Hayes,* 10 A D 2d 978, 979.) Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.

■ JOSEF HILL et al., Respondents, v. MORRIS COHEN et al., Appellants, et al., Defendant. (Action No. 1.) MORRIS COHEN et al., Appellants, v. MARRIANNE HILL et al., Respondents, et al., Defendants. (Action No. 2.) — Order of the Supreme Court, Queens County, dated January 3, 1968, which denied the motion of defendants Cohen and La Hara in action No. 1 to dismiss the complaint in ·that action for insufficiency, affirmed, with $20 costs and disbursements. Order of the Supreme Court, Queens County, dated January 3, 1968, which denied the motion of plaintiffs in action No. 2 for summary judgment in that action, affirmed, with $20 costs and disbursements. Order of the Supreme Court, Queens County, dated January 3, 1968, which denied the motion of plaintiffs in action No. 2 for the appointment of a receiver in that action, affirmed, with $20 costs and disbursements. No opinions. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.