PATRICK MURRAY, administrator, *vs.* FITCHBURG RAILROAD COMPANY.

SAME *vs.* SAME.

Suffolk.   November 20, 1895. — March 5, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Loss of Life — Law and Fact — Due Care — Negligence.*

In an action against a railroad corporation by an administrator for personal injuries occasioned to his intestate, and, under Pub. Sts. c. 112, § 212, for causing his death by being crushed while attempting in the performance of his duty to pass through a small space between a bunting post and the end of a car which was one of several cars coupled and standing together, the questions whether the defendant's servants were not grossly negligent in causing the accident by pushing back a car against the standing cars with too much force, and whether the plaintiff's intestate was in the exercise of due care, are for the jury.

TORT, by the administrator of the estate of Michael Murray. The first case was for personal injuries occasioned to the plaintiff's intestate by being crushed between the end of a car and a bunting post, and the second was under Pub. Sts. c. 112, § 212, for causing his death.

Trial in the Superior Court, before *Maynard*, J., who, at the defendant's request, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. A. McGeough*, for the plaintiff.

*G. A. Torrey*, for the defendant.

KNOWLTON, J.   These cases present two questions; first, whether there was negligence on the part of the defendant's

servants, and, secondly, whether there was evidence that the plaintiff's intestate was in the exercise of due care.

A Wagner sleeping car and one or two common passenger cars were coupled together, standing on the defendant's easterly side track near the station in Boston, the rear car being three feet from a bunting post at the end of the track. The plaintiff's intestate, in the performance of his duty, attempted to pass through between the end of the car and the bunting post, carrying two pails of water to be put into the tank in the sleeping car. The switching engine backed down, pushing before it some cars, one of which was to be coupled to the standing cars to make up a train. The persons in charge of the switching engine knew, or should have known, that several persons were probably at work on and about the standing cars, cleaning them and preparing them for their trip. There was evidence that a part of the work to be done was oiling the trucks and cleaning the running gear. There was also evidence that the brakes were set upon the standing cars. The car which was to be coupled to them was pushed against them so forcibly as to move them about three feet, and to crush the plaintiff's intestate between the car and the bunting post. A witness standing on top of the Wagner car, waiting for the water which was to be put into the tank, was nearly thrown down by the suddenness of the movement under him. Another man working upon a ladder on the inside of the Wagner car was thrown to the floor. We think it was a question of fact for the jury, upon the evidence, whether the defendant's servants were not grossly negligent in pushing back the car so as to strike the standing cars with so much force.

We are also of opinion that there was evidence that the plaintiff's intestate was in the exercise of due care. In the first place, he knew that the cars would not intentionally be moved back against the bunting post. They had been left as near the end of the track as it was intended to put them, and their brakes had been set to hold them firmly there. Nothing but an accident could throw them back against the bunting post. It was necessary for him to cross the track to get the water for the car. This was the most direct and convenient course by which to go for it. There was evidence that, by reason of a curve in the track, one standing at the bunting post could not see the switch-

ing engine or the car as they approached. While the jury might well find that his conduct in attempting to pass between the car and the bunting post was negligent, there were facts and circumstances proper for their consideration which tended to show that he was in the exercise of due care.

*Exceptions sustained.*