MICHAEL MALONEY, Appellant, v. CUNARD STEAMSHIP
COMPANY, LIMITED, Respondent.

**Master and servant — negligence — contributory negligence —
under the statute (L. 1910, ch. 352), relative to assumption of
risk by servant, there may still be a question of fact for a jury
whether servant exercised reasonable care for his own safety in
use of appliance furnished by master.**

Plaintiff, a longshoreman, engaged in unloading a steamship,
was obliged to go down into the hold of the vessel and for that pur-
pose to use a " Jacob's ladder," a ladder with sides of rope and with
wooden steps, which was not fastened at the bottom or at any place
except at the top so that it swung violently. For several days
plaintiff used the ladder with safety, making three trips a day.
One evening the swaying of the ladder threw him to the bottom of
the hold and he suffered injuries for which this action is brought.
*Held*, that it was error to dismiss the complaint; that it was a ques-
tion for the jury whether, under the circumstances, the defendant
was negligent in not fastening the ladder at the bottom. *Held*,
*further*, that, although under the rule established by the statute,
the fact that the employee continued in the service of the employer
after the discovery by such employee, or after he had been informed,
of the danger of personal injury therefrom, shall not be as matter
of fact or as matter of law an assumption of the risk of injury there-
from (Labor Law, § 202, amd. L. 1910, ch. 352), it cannot be held that
the plaintiff assumed the risk because he used the ladder, yet, it
was a question of fact for the jury whether he exercised reason-
able care for his safety in using it. He must not by inattention
aggravate the danger.

*Maloney* v. *Cunard Steamship Co.*, 161 App. Div. 913, reversed.

(Argued February 2, 1916; decided February 22, 1916.)

APPEAL from a judgment entered March 3, 1914, upon
an order of the Appellate Division of the Supreme Court
in the first judicial department, reversing a judgment in
favor of plaintiff entered upon a verdict and directing a
dismissal of the complaint.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Herbert C. Smyth, Joseph A. Burdeau* and *Joseph W. Clausen* for appellant.   The Appellate Division erred in deciding that the evidence failed to support a finding of negligence.   (*Cooney* v. *Central Dredging Co.*, 151 App. Div. 345; *Lipstein* v. *Provident Loan Society*, 154 App. Div. 732; *Wolfkiel* v. *S. A. R. R. Co.*, 38 N. Y. 49.)   The Appellate Division erred in deciding that the evidence failed to support a finding that plaintiff was free from contributory negligence.   (*Clarke* v. *N. Y. C. & H. R. R. R. Co.*, 191 N. Y. 416; *Fitzwater* v. *Warren*, 206 N. Y. 355; *Felen* v. *New York Hospital*, 155 App. Div. 545; *Hawley* v. *Northern Central R. R. Co.*, 82 N. Y. 370; *Guilmartin* v. *Solvay Process Co.*, 189 N. Y. 490; *Reilly* v. *Troy Brick Co.*, 184 N. Y. 399, 403; *Hurley* v. *Olcott*, 134 App. Div. 630; 198 N. Y. 134; *Ovelson* v. *Howes Transp. Co.*, 139 App. Div. 159.)

*Henry de Forest Baldwin* and *Allan B. A. Bradley* for respondent.   The defendant was not guilty of negligence.   (*Paul* v. *Cons. F. W. Co.*, 211 N. Y. 117; *Shannahan* v. *Empire Eng. Corp.*, 204 N. Y. 543; *Maue* v. *Erie R. R. Co.*, 198 N. Y. 221; *Dougan* v. *Champlain Transp. Co.*, 56 N. Y. 1; *Loftus* v. *Union Ferry Co.*, 84 N. Y. 455; *Burke* v. *Witherbee*, 98 N. Y. 562; *Hart* v. *Vil. of Clinton*, 115 App. Div. 761; *Toye* v. *U. D. Beef Co.*, 141 App. Div. 332; *Kelly* v. *Nat. Starch Co.*, 142 App. Div. 286; *Knash* v. *Compagne Gen. Transatlantique*, 223 Fed. Rep. 326.)   The plaintiff was guilty of contributory negligence and assumed the risk.   (*Kelly* v. *Nat. Starch Co.*, 142 App. Div. 286; *Preston* v. *Ocean S. S. Co.*, 33 App. Div. 193; *Kellogg* v. *N. Y. Edison Co.*, 120 App. Div. 410; *Mattos* v. *Felgenhauer*, 154 App. Div. 699; *Cloke* v. *Pillsbury Cont. Co.*, 155 App. Div. 461; *Knash* v. *Compagnie Gen. Transatlantique*, 223 Fed. Rep. 326.)

Cardozo, J.   The plaintiff is a longshoreman.   In December, 1910, he was engaged in unloading the

Cunard steamship *Caronia.* It was necessary for him to go down into the hold. For this purpose there was provided a "Jacob's ladder." That is an appliance of frequent use on shipboard. It is a ladder with sides of rope and with wooden steps. The usual means of entrance into the hold was a stationary iron stairway. This had been taken up to make room for a large automobile, and the Jacob's ladder was substituted. The ladder was lashed at the top to a stanchion on the deck; there is evidence, however, that it was not lashed at the bottom or at any other point. The result was that it swung violently; in the language of the plaintiff, like a clothesline. For several days the plaintiff made the trip in safety. He made it about three times a day. One evening the swaying of the ladder threw him to the bottom of the hold; and he suffered injuries for which he sues.

We think that evidence supplied by the defendant itself requires us to hold that there was a question for the jury. It was for the jury to say whether the ladder ought, in the exercise of reasonable care, to have been lashed at the bottom. The testimony of the second officer of the *Caronia* is sufficient of itself to make that conclusion inevitable. He was the officer in charge at the time of the accident. He explains the method of unloading a cargo from the hold. Describing a Jacob's ladder, he says: "It is always lashed at the top, and then somebody, of course, has to go down or is already down in the hold and lashes it at the bottom and steadies it." On the defendant's own showing, to leave the ladder unlashed at the bottom was to depart from the settled practice. We cannot say that this departure is no evidence of negligence. The ladder, if secured at the bottom, would have been steadied. Reasonable men might not unreasonably believe that the omission of so common a precaution was a breach of the master's duty (*Lipstein* v. *Prov. Loan Society,* 154 App. Div. 732; *Wiley* v. *Solvay Process Co.,* 215 N. Y. 584; *Cooney* v. *Central Dredging Co.,* 151

App. Div. 345). We think it is not an adequate answer to say that such ladders are in constant use on the outside of ships, and that it is then impossible to lash them. The safeguards to be adopted by the master must be proportioned to the occasion. If it is impossible to steady a ladder that is dropped into the water from the stern or bow, it does not follow that ladders are never to be steadied anywhere. Much depends, moreover, on the place from which the ladder is hung. If hung from the side, it is steadied by the bulging frame. These varying uses are circumstances to be considered by a jury. They do not exculpate the defendant as a matter of law.

If, however, the defendant was negligent, the question remains whether the plaintiff was himself at fault. He knew that the ladder was not .lashed, and none the less he used it. At common law it might have been possible to say that he thereby assumed the risk. But changes of the law by statute have withdrawn that defense. At first, the statute modified the defense without destroying it altogether. The fact that " the employee continued in the service of the employer in the same place and course of employment " after he had discovered or been informed of the danger of personal injury therefrom was no longer to be considered " as a matter of law " an assent to the existence or continuance of such risks, or as contributory negligence (L. 1902, ch. 600, section 3; L. 1909, ch. 36, section 202). On the other hand, " the question whether the employee understood and assumed the risk of such injury, or was guilty of contributory negligence, by his continuance in the same place and course of employment with knowledge of the risk of injury," was declared to be one of fact, "subject to the usual powers of the court in a proper case to set aside a verdict rendered contrary to the evidence." But the amendment of the Labor Law in 1910 (L. 1910, ch. 352) has established a new rule. The statute now says that "in an action brought to recover damages for personal injury * * * owing to any

cause, including open and visible defects, for which the employer would be liable but for the hitherto available defense of assumption of risk by the employee, the fact that the employee continued in the service of the employer in the same place and course of employment after the discovery by such employee, or after he had been informed of the danger of personal injury therefrom shall not be, as matter of fact or as matter of law, an assumption of the risk of injury therefrom." There is an exception where the employee knew of the defect and failed to inform the employer, but the exception does not apply when the employer already knew of it or could have discovered it by proper care. This case is plainly not within that exception. Neither as a matter of fact nor as a matter of law was there an assumption of the risk.

The argument is made, however, that if the conduct of the plaintiff was not an assumption of the risk, it may none the less have been contributory negligence. If by this it is meant that the plaintiff was under a duty to use the ladder carefully, to be alert and watchful as he went up and down, the statement is, of course, correct. Whether the plaintiff used that care was a question for the jury. If, however, it is meant that even though he used the ladder carefully, he must be charged with contributory negligence because he used it at all, we think the statement is not accurate. The distinction between contributory negligence and assumption of risk was always a close one. The two concepts seemed often to overlap, and often it did not become necessary to discriminate between them. But whenever discrimination between them became necessary, the use of defective ways or works with notice of the defect and appreciation of the danger was held to be an assumption of the risk and not contributory negligence. The notion was that the servant who continued to serve with knowledge of the dangerous condition agreed with the master that the condition might be maintained, and that thereafter the

master's conduct, though negligent generally or as to others, ceased, as to the assenting servant, to be negligent at all (*Thomas* v. *Quartermaine*, L. R. [18 Q. B. D.] 685, 698; *Narramore* v. *Cleveland, C., C. & St. L. Ry. Co.*, 96 Fed. Rep. 298, 301, Taft, J.; *Seaboard Air Line Ry.* v. *Horton*, 233 U. S. 492, 503; 239 U. S. 595, 601; *Schlemmer* v. *Buffalo, Rochester & Pittsburgh Ry. Co.*, 220 U. S. 590, 596; *O'Maley* v. *South Boston Gas Light Co.*, 158 Mass. 135, 136; *Dowd* v. *N. Y., O. & W. Ry. Co.*, 170 N. Y. 459, 469; Beven on Negligence [3d ed.], p. 633). It was not simply, as in cases of contributory negligence, that *both* master and servant were at fault. It was rather that *quoad* the assenting servant, the master was *not* at fault. The servant had bargained away his right to a place of safety.

It is this rule, with all its hardships, that the statute has now swept away. We must give to the new rule the liberal interpretation which alone will carry out its purpose. If continued service with knowledge of the danger was at common law an assumption of the risk and not contributory negligence, the legislature, in sweeping away the defense of assumption of risk, did not intend that the old defense should survive under another name. It was dealing, not with names, but with realities. There would be a strange inversion of the normal consequences of conduct if the law required us to hold that a servant who heedlessly incurs a risk is in a worse plight than a servant who voluntarily accepts the same risk. Contributory negligence, therefore, is not to be inferred from the mere use by the servant of the very appliance which the master has furnished for his use. Of course, though the appliance may be defective, the servant must use it carefully. He must not by inattention aggravate the danger. In brief, the *manner* of the use may involve contributory negligence. In this case it was for the jury to say whether such negligence had been shown.

The judgment dismissing the complaint should be

reversed, with costs, and the case remitted to the Appellate Division to the end that the question whether the verdict is in accordance with the weight of evidence may be considered by that court (*Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Galley* v. *Brennan*, 216 N. Y. 118).

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and SEABURY, JJ., concur.

Judgment reversed, etc.