No. 20,383.

EDWARD DeHARDT, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Automobile—Railroad Crossing—Cars Standing Still—Negligence a Question of Fact*. The rule that it is negligence as a matter of law for the driver of an automobile to attempt to cross a railroad track without stopping, where without doing so he can not assure himself that no train is approaching, does not apply where, as the automobile approaches the crossing, the train is standing still, the rear car being near the highway, and a collision results from a sudden starting of the engine.

2. SAME. Where a freight car is standing near a crossing it can not be said as a matter of law that the driver of an automobile is guilty of negligence in attempting to cross the track without assuring himself that no train is about to run into the car and force it over the highway.

3. SAME—*Evidence*. The evidence held not to show conclusively that the car by which an automobile was struck while the driver was attempting to cross the track was in motion as he was approaching the crossing.

DeHardt v. Railway Co.

4. SAME—*Findings.* The findings of negligence held to show a sufficient basis of liability.

5. TRIAL—*Misconduct of Counsel—Not Prejudicial.* The misconduct of counsel in bringing irrelevant matter before the jury held not to be so manifestly prejudicial as to warrant a reversal.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed March 10, 1917. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Harlow Hurley,* all of Topeka, and *C. Angevine,* of Kansas City, for the appellant.

*A. W. Little,* and *Edward C. Little,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Edward DeHardt sustained injuries through his automobile, in which he with others was riding, being run into at a railroad crossing. He sued the company and recovered a judgment, from which the defendant appeals.

There was evidence tending to show these facts, which the jury may be deemed to have found: The automobile came from the north along a highway which crossed eight or nine tracks, the first and second being nine or ten feet apart. The traveled part of the road was nine or ten feet wide. An ice-house stood just east of the highway and north of the first track. A coal car was standing on the first track, its west end being three or four feet east of the traveled part of the road, the east end being about even with the ice-house. A box car was standing still on the second track about the same distance east of the road. The automobile crossed the first track, and as its wheels reached the second track an engine backed two other box cars against the one already referred to and threw it against the automobile, or else the engine, having previously been standing still, coupled to the three cars, suddenly started up with the same result. The whistle was not sounded nor the bell rung.

1. The principal contention made is that as a matter of law the plaintiff (or his chauffeur, for whose conduct he was admittedly responsible) was guilty of contributory negligence

in driving upon the track without having used reasonable diligence to ascertain whether it was safe to do so—that under the rule applied in a number of cases, the latest of which is *Wehe v. Railway Co.,* 97 Kan. 794, 156 Pac. 742, it was the duty of the driver to stop his car and see whether the track was clear before attempting to cross, if the situation was such that he could not ascertain the fact in that regard without doing so. Where one end of a string of cars is standing still near a crossing, an engine being at the other end, ordinary prudence does not require a traveler to stop and look up the track before attempting to cross, because whatever risk he runs is that the engine may suddenly start up, and stopping his own vehicle and going upon the track to look would not give him any additional information as to the likelihood of that taking place. (*Railway Co. v. Dawson,* 64 Kan. 99, 67 Pac. 521; *Railway Co. v. Wilkie,* 77 Kan. 791, 90 Pac. 775; Notes, 15 Ann. Cas. 732; 11 L. R. A., n. s., 963.)

2. Where a single freight car, or a small group of cars, is standing near the crossing, it would be possible to ascertain, by looking from a point in the road close to the track, whether a train is about to run into it and drive it across the highway. But we do not think it can be said as a matter of law that the driver of an approaching vehicle is guilty of negligence if he neglects to take this precaution. He is bound to act upon the assumption that a train may at any moment be approaching upon an otherwise unoccupied track, until he has employed all reasonable means to assure himself to the contrary. He may not rely on the fact that no signal has been given, for that affirmative precaution on the part of the trainmen may be thoughtlessly omitted. But if he sees that the track is obstructed by a detached car or string of cars the probability of injury resulting to him from a train coming from that direction is so far diminished that we think the question whether ordinary prudence forbids his attempting to cross without further investigation is a fair one for a jury. As was said in *Stoy v. Louisville, etc., R. Co,* 160 Ind. 144:

"It is true that at an ordinary grade crossing the traveler must first vigilantly exercise his senses before placing any reliance upon the supposition that the company will perform its duty, . . . but this holding is based upon the fact that the danger of a train dashing over the crossing

DeHardt v. Railway Co.

is too great to justify a reliance upon such supposition alone; but where inert and detached cars stand on either side of a crossing, we think that the traveler's conduct should be viewed in the light of the situation as it presented itself to him." (p. 152.)

(See, also, 33 Cyc. 1036; *Cleveland, etc., R. Co. v. Penketh,* 27 Ind. App. 210; *Murray v. Fitchburg Railroad,* 165 Mass. 448; *Davis v. Michigan Central R. Co.,* 142 Mich. 382; *St. L. S. W. Ry. Co. v. Bowles,* 32 Tex. Civ. App. 118; *Copley v. Union Pac. R. R. Co.,* 26 Utah, 361.)

3. In behalf of the defendant it is argued that the evidence conclusively shows that the cars were moving when the automobile approached the crossing. There was positive testimony to that effect, but there was also positive testimony to the contrary. To several questions submitted as to whether the occupants of the automobile could have seen the cars approaching if they had looked from different points the jury answered: "Could not see the cars approaching." The form of the answer suggests that the jury meant that the cars could not be seen approaching because at the time indicated they were not moving. There was evidence to support the findings as so interpreted, and such interpretation must be adopted if necessary to sustain the verdict.

4. It is contended that the negligence found by the jury does not afford a basis of liability. To a question calling for a statement of the negligence of which the defendant was found guilty the jury answered: "By obstructing the view of the crossing with coal car and not properly flagging the road crossing." They also found specifically, however, that the whistle was not sounded nor the bell rung, and answered in the negative a question whether a switchman was at the front end of the front car as it approached the crossing. These findings must be interpreted together and given any construction of which they are fairly susceptible that will support the judgment. The reference to the absence of a flagman does not eliminate the failure to give signals as a form of negligence relied on (*Springer v. Railroad Co.,* 95 Kan. 408, 148 Pac. 611), but rather seems to indicate that the jury meant that it was incumbent upon the company to provide either a flagman or some of the other precautions found to have been omitted. It is argued that no showing was made that the presence of a

flagman would have prevented the accident. We think the reasonable presumption is that a flagman properly stationed to keep track of the operation of the trains would have known of the likelihood of the engine starting up (or of the engine forcing two of the cars against the third) and given an effective warning of the fact.

5. A new trial is asked on the ground that one of the attorneys for the plaintiff asked several witnesses, who had been in the automobile at the time of the accident, whether the railway company had settled with them, and on objections to the questions being sustained made an offer to prove that this was the case; and that in the course of his argument he referred to a settlement having been made with them. The trial court instructed the jury not to consider the matter, and its judgment implies a finding that no prejudice resulted. We do not regard the record as compelling a contrary conclusion.

The judgment is affirmed.