BERNHARDT GUIRIZINSKI, Appellant, *v.* AMERICAN
RADIATOR COMPANY, Respondent.

**Master and servant — Labor Law — negligence — injury to
employee directed to work as helper of another employee of
defendant — question of negligence of supervising employee
one of fact for the jury.**

Under the provisions of the Labor Law, as amended in 1910
(L. 1910, ch. 352), where an employee of defendant was intrusted
with authority to direct, control and command plaintiff, working as
his helper, the defendant is liable for injuries to the helper caused
by the negligence of such employee in a detail of the work, not merely
by his negligence in directing plaintiff.

*Guirizinski* v. *American Radiator Co.*, 167 App. Div. 958, reversed.

(Argued November 27, 1917; decided December 4, 1917.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered April 1, 1915, affirming a judgment in favor of
defendant entered upon a dismissal of the complaint
by the court at a Trial Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Hamilton Ward* for appellant. Kucewicz, the belt
repair man, had command and control over the plaintiff
and was not his fellow-servant. (*Famborille* v. *Atl. G. &
P. Co.*, 155 App. Div. 833; *Pelow* v. *Oswego Const. Co.*,
217 N. Y. 506; *Ciccola* v. *R. A. M. Co.*, 174 App. Div.
313.) The negligence of Kucewicz, even though com-
mitted while performing a detail of the work, is negli-
gence for which the master is liable. (*Bricklemeyer* v.
*Lackawana Steel Co.*, 170 App. Div. 165; *Svendson* v.
*McWilliams*, 214 N. Y. 621; 157 App. Div. 474; *Pelow* v.
*Oswego Const. Co.*, 217 N. Y. 506.) The question as to
whether or not the belt repair man was guilty of negli-

gence was one for the jury and not for the court. (*Bullock* v. *Babcock*, 3 Wend. 391; *Svendson* v. *McWilliams*, 214 N. Y. 621.)

*Herbert W. Huntington* for respondent. Kucewicz was a fellow-servant of the plaintiff and for his negligence, if any, the master is not responsible. (*Hall* v. *New York Tel. Co.*, 168 App. Div. 396; *Sherman* v. *Mason & Hanger Co.*, 162 App. Div. 327.) The negligence of Kucewicz, if in fact he was negligent, was committed while performing a detail of the work, and for which the master is not liable. (*Hall* v. *New York Tel. Co.*, 168 App. Div. 396; *Sherman* v. *Mason & Hanger Co.*, 162 App. Div. 327.)

POUND, J. This is an action under the employers' liability provisions of the Labor Law as amended in 1910.

Plaintiff was employed by defendant in its factory as helper to Kucewicz, a belt repairer. It was his duty to hand Kucewicz his tools as called for and aid him as he was directed. At the time of the accident Kucewicz was at work with plaintiff taking down a belt which had become loose, in order to shorten it. The belt was about ninety feet long and a foot wide and weighed about three hundred pounds. It passed around two pulleys about forty-five feet apart which were about seven feet from the floor. The ends of the belt were joined by being lapped over and stuck together with fish glue. In order to open it, Kucewicz was prying apart the laps with a tool similar to a screw-driver. When the work was about three-quarters done he wanted a larger tool which was lying on the floor nearby, and told plaintiff to get it. He kept on opening the belt. That made the belt fall. A radiator weighing about three hundred pounds stood near. Piles of radiators were standing under the belt. When the belt fell it struck the radiator and tipped it over upon plaintiff's foot, causing the injury for which the action was brought.

The trial judge directed a verdict in favor of the defendant. Judgment entered thereon was affirmed by the Appellate Division.

Kucewicz was intrusted with authority to direct, control and command plaintiff in the performance of his duty and the defendant is liable for injuries caused by his negligence in a detail of the work, not merely by his negligence in directing plaintiff. (Labor Law [Cons. Laws, ch. 31], § 200; *Marion* v. *Coon Constr. Co.,* 216 N. Y. 178; *Pelow* v. *Oswego Constr. Co.,* 217 N. Y. 506.)

The only question presented by this appeal is whether a jury could properly find that plaintiff's injury was due to a negligent act on the part of Kucewicz. Plaintiff did not assume the risk nor was he guilty of contributory negligence as matter of law. (*Maloney* v. *Cunard S. S. Co., Ltd.,* 217 N. Y. 278, 281.)

Kucewicz testified that the belt fell because he pried it open. The inference is permissible that by inattention or indifference to the surroundings he permitted this large, heavy belt to come down with considerable force where it might hit plaintiff or knock over on him a radiator which stood unfastened on the floor, and that he thus failed to observe that degree of care which was due to plaintiff for his protection from injury.

Defendant contends that all reasonable men would say that Kucewicz was not chargeable with negligence, even if he intentionally opened the belt and allowed it to fall; that plaintiff's mishap was so unusual and unexpected that no one was to blame for it.

The case is not so plain. A jury should have an opportunity to consider it.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.