No. 22,658.

O. A. KEYS, *Appellee*, v. CHARLES E. SCHAFF, as Receiver of the Missouri, Kansas & Texas Railway Company, *Appellant*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Railroad Crossing—Contributory Negligence a Question of Fact for Jury.* At a railroad crossing over a much used street in a city there were three railroad tracks. The plaintiff approached the crossing, driving his automobile slowly, and, looking for trains, saw none on the first track, which was the main line, and he proceeded across that track. On the second track he observed a box car standing partly in the street where it had been left for several hours, but there was no engine or car attached to it. A switch engine was being shifted about in the yard, at the time being upon the second track a short distance away, and although plaintiff says he did not observe it, it could have been seen by him before he started over the second track. While he was passing over that track the switch engine backed and bunted an uncoupled car against the stationary car standing partly in the street, causing it to strike and injure plaintiff's automobile. There was no flagman at the crossing, and no lookout on the ends of the moving cars, nor was any warning given of the intention to bunt the stationary car across the street. Under the circumstances it is held that whether the plaintiff was guilty of contributory negligence was a question of fact for the determination of the jury.

2. SAME—*Rulings on Special Questions—Not Error.* The refusal of the trial court to require more definite answers to certain special questions is held not to be prejudicial error.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed November 6, 1920. Affirmed.

*W. W. Brown*, of Parsons, for the appellant.
*W. J. Pirtle*, of Council Grove, for the appellee.

The opinion of the court was delivered by ·

JOHNSTON, C. J.: This action was brought by O. A. Keys to recover damages from the defendant for injury to an automobile which was struck by a moving car of the defendant at a street crossing in Council Grove, and a judgment for $375 was awarded in his favor.

In this appeal the principal complaint is that the evidence does not support the verdict and that the collision and injury

were the result of plaintiff's own contributory negligence. The collision occurred at a crossing of Main street, which runs east and west. There are three railroad tracks across the street at this point which run from the southeast to the northwest and are approximately fourteen feet apart. The western track is the main line of the railway. The one next east of it is called the passing track, and the one east of that one is a stock track. On the morning of the accident plaintiff, driving his automobile, approached the crossing from the west going east, and was then driving at a speed of three or four miles an hour. His testimony is to the effect that when he approached the main track he looked for trains but saw none. He did observe a box car which was standing across the sidewalk and extended out towards the traveled portion of the street. It had been placed there the night before and there was no engine or cars attached to or near it. About the time of the accident travelers were passing back and forth over the crossing and past the end of the standing car. There was a switching crew operating an engine in the yard south of the crossing but plaintiff says that he did not observe it when he looked and listened for trains. At the time, the city was improving the street and part of it was barricaded, and loose dirt had been thrown upon the part left for travel. Plaintiff drove slowly east across the main track and, while guiding his car over the rough street across the passing track, the switching crew backed the engine and another car toward the crossing. As they approached the crossing one of the switching crew states that he uncoupled the attached car from the engine and it was kicked against the box car which was standing in the street, pushing the car against the automobile and causing the injury in question.

Although disputed, the controlling evidence is that there was no flagman at the crossing nor any brakeman or lookout on the end of the moving cars, and no warning was given of the purpose to bunt this car across the street. It is contended that if plaintiff had looked and listened before attempting to cross the passing track past the end of the standing car he could have seen the switch engine moving upon that track, but if he had discovered it he would have had no reason to suppose that the crew contemplated the bunting of the car across the street without giving warning of their intention to do so. If he had

discovered their approach he might have inferred, and reasonably so, that they would stop and couple on to the standing car, but not that they would, without signal or warning, kick it over a much used street. If they had stopped and coupled with it in the usual way, the plaintiff could have safely passed over the crossing. The fact that the switching engine was moving back and forth in the yard some distance away was not a necessary indication that it was the intention to back across the street without lookout or signal, and especially when there was a detached car standing upon the track.

The case differs greatly from those cited by defendant in which it has been held that one who goes upon a railroad over which trains are regularly run and who may, by looking, obtain a timely view of an approaching train, is guilty of negligence *per se* that will bar a recovery for injury, although no signals or warning of the approach of the train are given. Here there were no train or cars on the main line, and the stationary and disconnected car was on the track over which the switch engine was moving. This situation and the circumstances surrounding him tended to throw the plaintiff off his guard and were such as to lead a reasonably prudent person to expect that cars would not be moving while he was crossing the track. We do not hold that anyone crossing a railroad track is relieved from the exercise of due care, but we do hold that under the circumstances mentioned the question of plaintiff's contributory negligence was one of fact for the jury. A case quite closely in point is *DeHardt v. Railway Co.,* 100 Kan. 24, 163 Pac. 650, in which it was held:

"The rule that it is negligence as a matter of law for the driver of an automobile to attempt to cross a railroad track without stopping, where without doing so he cannot assure himself that no train is approaching, does not apply where, as the automobile approaches the crossing, the train is standing still, the rear car being near the highway, and a collision results from a sudden starting of the engine.

"Where a freight car is standing near a crossing it cannot be said as a matter of law that the driver of an automobile is guilty of negligence in attempting to cross the track without assuring himself that no train is about to run into the car and force it over the highway." (Syl. ¶¶ 1, 2.) (See, also, *K. P. Rly. Co. v. Richardson*, 25 Kan. 391; *A. T. & S. F. Rld. Co. v. Morgan*, 43 Kan. 1, 22 Pac. 995; *Railway Co. v. Johnson*, 69 Kan. 721, 77 Pac. 576; *Scott v. St. Louis, etc., R. Co.*, Note, 9 Ann Cas. 216.)

The defendant complains of the refusal of the court to require more definite answers to questions submitted to the jury. One question was:

"If you find for the plaintiff, state how far north or south of the south line of Main street was the north end of the car at the time the train crew uncoupled said car from the engine."

The answer was: "Too indefinite to determine."

The question itself was somewhat indefinite and the testimony on the subject was uncertain. However, the immateriality of the question is shown by an answer to another question that "at no time was the car coupled to the engine." In no view of the case was the answer sufficiently material to affect the result. The same is true as to the question:

"What prevented plaintiff from seeing the engine approaching the crossing if he had looked before going upon the track?"

This was answered: "We do not know."

The refusal to require the jury to give more definite answers to these questions is manifestly not a ground for reversal.

The judgment is affirmed.