### NEW YORK CENT. R. CO. v. DUNBAR. *

(Circuit Court of Appeals, Second Circuit. January 7, 1924.)

#### No. 74.

1. **Master and servant ⬷286(4), 288(5)—Negligence in failing to furnish proper appliances to workman descending rope and assumption of risk held for jury.**

   Evidence that a railroad employee, acting under instructions, slid down a rope to unfasten a piece of timber that became fastened in the braces of a trestle, and due to the fact that the rope was shorter than he expected, on reaching the end of the rope, he fell and sustained injuries, *held* to authorize submission to the jury of the issues as to failure to furnish proper appliances and assumption of risk.

2. **Master and servant ⬷208(1)—Risk from unsafe appliances not assumed.**

   Employee has a right to assume that his master will exercise proper care in respect to providing safe and suitable appliances for the work, and employee is not to be considered as assuming a risk arising from a defect that is attributed to employer's negligence.

3. **Master and servant ⬷206—Employee assumes risk incident to occupation.**

   An employee assumes the risk of dangers normally incident to the occupation in which he voluntarily engages.

⬷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 44 Sup. Ct. 456, 68 L. Ed. ——.

**4. Witnesses** ☞392(2)—**Previous statements by witnesses containing irrelevant matter not admissible.**

Where counsel was permitted to cross-examine witnesses as to their previous written statements, which in part contradicted their present testimony and contained irrelevant matter, *held*, that these statements were properly excluded.

Hough, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Northern District of New York.

Action by Joseph C. Dunbar against the New York Central Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Hiscock, Doheny, Williams & Cowie, of Syracuse, N. Y., for plaintiff in error.

Frank J. Cregg, of Syracuse, N. Y., and George S. Reed, of Lowville, N. Y., for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. [1] The defendant in error at the time of his injury, for which he sues, was engaged in interstate commerce in the service of the plaintiff in error. He, with 15 other men, were reconstructing a railroad trestle near Amsterdam, N. Y. Some timbers were unloaded from a flat car and put out upon the trestle on the morning in question. There was a foreman in charge of this gang of men. It was intended to use the timbers to repair sills at the bottom of the trestle. One of these timbers, weighing about 1,600 pounds, was placed upon the ties at the top of the trestle, and the foreman directed it to be rolled outside of the rails toward the side of the trestle opposite the pathway. A rope was tied around the center of the timber, and a small tie line fastened to the timber for the purpose of guiding it as it was lowered. A large rope was swung around the ties in the center of the track, to give additional purchase for several men, who held on the loose end of the thicker rope. The defendant in error and some other men were directed by the foreman to roll the timber off the ends of the ties. After this was done, the defendant in error stepped back, but it was found that the timber had fouled; one end stuck in the upper cross-braces of the trestle and became fastened. This was at a point about 16 feet below the guard rail at the top of the trestle. The foreman ordered another workman to get a rope, and to throw this rope over the edge of the trestle. One end was fastened to the upper end of the trestle. He thereupon ordered the defendant in error, who was on the opposite side of the trestle, to slide down the rope to release the timber. The top of the trestle was about 46 feet from the ground; they tied a knot on the end of the rope, and it extended downward through the network of cross-pieces and beams, and passed the large timber, which was fouled. The defendant in error had on a pair of asbestos mittens. He did as directed and testified:

"I walked right over there, stepped over on the cap, sat down, and wound my arm around the rope, and I said to the fellow who had hold of the rope.

'Have you got me?' and he said he had, and I had my leg in the rope, and down by my foot, and the other one up against it, and I slid down, and just about when my shoulder was level with the stick, as my feet was held against the line, my feet came over the end; just about the time I went to stop, the end of the line flopped up between my feet, and I went down to the bottom."

There is corroboration of this order given to the defendant in error, of the appliances used, and the manner in which he attempted to carry out the direction of the foreman. He said further:

"I noticed rope went beyond the stick, but I didn't know how much further. * * * I did not know, when I twisted my foot around the rope, and swung the rope, as I twisted the foot around it, that that rope did not go to the ground."

There was testimony to the effect that there were three well-known methods customarily used of lowering a man to do work similar to that required of the defendant in error: (1) By the use of a loop in the end of the rope, in which a man could stand and be lowered; (2) by the use of a sling in which the workman could sit; and (3) by the use of a block and fall. Neither of these appliances was used. The failure so to do raised a jury question as to neglect on the part of the plaintiff in error. Kreigh v. Westinghouse C. K. & Co., 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 984; Biondolillo v. Erie R. R. Co., 215 N. Y. 330, 109 N. E. 496; Maloney v. Cunard S. S. Co., 217 N. Y. 278, 111 N. E. 835. Indeed, the negligence of the plaintiff in error is not to be contested.

[2] The defendant in error had a right to assume that his employer exercised proper care in respect to providing safe and suitable appliances for the work, and he is not to be considered as assuming the risk arising from a defect that is attributed to the employer's negligence. Gila Valley Ry. Co. v. Hall, 232 U. S. 94, 34 Sup. Ct. 229, 58 L. Ed. 521; Texas & P. R. Co. v. Archibald, 170 U. S. 665, 18 Sup. Ct. 777, 42 L. Ed. 1188; Choctaw, O. & G. R. R. Co. v. Mc-Dade, 191 U. S. 64, 24 Sup. Ct. 24, 48 L. Ed. 96. In Texas & P. R. Co. v. Archibald, supra, it was said:

The employee "is not submitted to the danger of using appliances containing such defects because of his knowledge of the general methods adopted by the employer in carrying on his business, or because by ordinary care he might have known of the methods, and inferred therefrom that danger of unsafe appliances might arise. The employee is not compelled to pass judgment on the employer's methods of business or to conclude as to their adequacy. He has a right to assume that the employer will use reasonable care to make the appliances safe, and to deal with those furnished relying on this fact."

In Hough v. Texas & Pac. R. R. Co., 100 U. S. 213, 25 L. Ed. 612, the court said:

"It is implied in the contract" of hiring "that the master shall supply the physical means and agencies for the conduct of his business. It is also implied, and public policy requires, that in selecting such means he shall not be wanting in proper care. His negligence in that regard is not a hazard usually or necessarily attendant upon the business."

See, also, Chesapeake & O. R. Co. v. De Atley, 241 U. S. 310, 36 Sup. Ct. 564, 60 L. Ed. 1016.

The court submitted specific questions to the jury: (1) Whether the plaintiff in error was negligent; (2) whether the defendant in error was negligent; and (3) whether the defendant in error assumed the risk. The jury answered the first two questions in the affirmative, and the third in the negative. From a finding as to the full damages in the sum of $26,000, they reduced their verdict to $19,500, thus giving the plaintiff in error credit in the verdict for the contributory negligence of the plaintiff in error.

[3] It was argued here that the defendant in error assumed the risk, as a matter of law, of using the rope in the manner in which he did, and that therefore he may not recover. There is some evidence that the defendant in error worked at one time on a low trestle, 20 feet above the ground on one end and 5 feet on the other. There was no evidence that in the course of the employment the defendant in error ever made a like effort to lower himself down by a rope. He testified that he did not know the length of the rope, but thought that it reached the ground. We regard this as not that open and obvious risk which an employee would assume after the master had fulfilled his obligation toward the servant. The employee assumes the risk of dangers normally incident to the occupation in which he voluntarily engages. He has a right to assume that his employer has exercised proper care with respect to providing safe appliances for his work, and he is not treated as assuming the risk arising from a defect attributable to the employer's negligence. Gila Valley R. R. Co. v. Hall, 232 U. S. 94, 34 Sup. Ct. 229, 58 L. Ed. 521. We think that the assumption of risk presented by the proof in this case was properly submitted to the jury, and the verdict has met with approval by the trial court. We see no occasion to interfere with this result.

[4] Upon the trial the defendant in error called employees of the plaintiff in error who previously had made statements in writing to their employer. They were confronted with these statements upon cross-examination. Counsel was permitted, under direction of the court, to inquire as to previous statements made, which involved contradictions in their testimony given upon the trial. It was sought to introduce the full statements, and these were objected to. Much of what was contained in the statements was not in contradiction with their present testimony, while some was. Some statements were irrelevant testimony, and opinions given as to the cause of the injury, and conclusions as to who was at fault. These statements were properly excluded. The trial court gave full opportunity to counsel for plaintiff in error in using the statements, where any contradictions existed. There was no error in this ruling.

Judgment affirmed.

HOUGH, Circuit Judge (dissenting). If a sane man descends a rope less than 20 feet long, in broad daylight, under the illusion that it is forty feet long, he is negligent as matter of law, which is only another way of saying that the point is too clear for argument. If such a man only wants to descend about 20 feet into a depth of 40 feet, the enterprise is safe, if he is strong and skillful; but the dan-

ger of not being sufficiently strong and skillful to stop at 20 feet is a risk so obvious that, if he takes it, he assumes it. If this case does not present a plain example of assumed risk, there is no such thing

For these reasons, I dissent.