No. 37,021

VADA WHITE, *Appellant*, v. ELKIN TOOMBS and H. C. BEVELHYMER, a Copartnership doing business as THE DEFENSE TRANSPORTATION COMPANY, *Appellees*.

(192 P. 2d 174)

Opinion filed April 10, 1948.

*Richard B. Clausing*, argued the cause, and *Payne H. Ratner, Donald C. Allen, Charles F. McClintock*, and *Louise Mattox*, all of Wichita, were with him on the briefs for the appellant.

*Vincent F. Hiebsch*, of Wichita, argued the cause, and *Milton Zacharias* and *Eugene L. Pirtle*, both of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

BURCH, J.: The plaintiff in this case was injured while a passenger on a crowded bus which stopped suddenly. The defendants contended that it was necessary to stop the bus suddenly because of an emergency which developed without fault of the driver of the bus. A jury returned a verdict for the plaintiff and answers to special questions submitted by the court. The court set aside the verdict and entered judgment for the defendants on the jury's answers to the special questions.

The plaintiff moved to set aside the answers to certain of the special questions and for a new trial. Such motions were overruled. On appeal to this court, the plaintiff asserts that the trial court erred in refusing to sustain the plaintiff's motion to set aside the answers to certain special questions, in overruling the plaintiff's motion for a new trial and in setting aside the general verdict and entering judgment in favor of the defendants.

The principal question presented is whether the trial court ruled erroneously in entering judgment for the defendants upon the jury's answers to the special questions. The questions and answers follow:

"No. 1. At what rate of speed was the bus being operated just prior to the application of the brakes by the operator? A. 12 miles per hour.

"No. 2. Was this a reasonable rate of speed under the circumstances? A. Yes.

"No. 3. How far was the bus from the automobile when the automobile commenced its turn to the west? A. 30 feet.

"No. 4. Was the driver of the bus suddenly placed in a position of peril by such automobile turning in front of him? A. Yes.

"No. 5. If you answer question No. 4 in the affirmative, then state whether the bus operator used his best judgment and followed the course of action which seemed to him best suited to prevent a collision. A. Yes.

"No. 6. Did the defendant exercise the highest degree of care which the circumstances demanded? A. Yes.

"No. 7. Was the manner in which the bus stopped, proper under the circumstances? A. Yes.

"No. 8. Was the manner in which the automobile which turned in front of the defendant's bus, was operated, the direct and proximate cause of the plaintiff's injuries? A. No, it was not the direct cause, but we believe that it was the primary indirect cause of the plaintiff's injuries.

"No. 9. Was the manner in which the bus was stopped, the direct and proximate cause of plaintiff's injuries. A. Yes."

The plaintiff moved to set aside the answers to questions 5, 6 and 7 for the alleged reason that the answers were contrary to the evi-

dence, and improper. In this court no contention is made that such answers were not supported by abundant competent evidence. Possibly it can be said that counsel for the plaintiff here contend that the answers were not proper because they were mere conclusions of law. We are unable to find any merit in the contention, however, and counsel for the plaintiff do not seriously press the contention further than to assert that if the answers are considered as finding that the defendants were not guilty of negligence, then that the answers should be regarded only as conclusions of law and should be given no weight in determining what judgment should have been entered. In support of the contention they cite 53 Am. Jur. 756, §§ 1090, 1091. We think that the answers to the special questions clearly cannot be regarded as merely equivalents to conclusions of law on the part of the jury and that, consequently, the district court did not err in refusing to set them aside for such reason. Plaintiff's real contention seems to be that the answers were not inconsistent with the general verdict. Such a contention perhaps would not support the plaintiff's motion to set aside the answers, but the question of their inconsistency will be given consideration later herein.

The second asserted error is that the trial court should have sustained the plaintiff's motion for a new trial. The motion for a new trial was based on two grounds only. One was that the verdict was given under the influence of passion or prejudice. No evidence was introduced to support such a contention and we are not surprised because the general verdict of the jury was in favor of the plaintiff. The second ground for the motion for a new trial was that the verdict was in part contrary to the evidence. The point has been abandoned on appeal, and therefore, we cannot consider it. The plaintiff in this court attempts to supplement the record by stating that in connection with the argument on the motion for a new trial, counsel for the plaintiff, in fact, contended that the answers to special questions 5, 6 and 7 were inconsistent with the answers to other special questions, with the general verdict and the evidence. An affidavit to such effect, made by one of the attorneys who tried the case in the trial court, appears in the abstract. We cannot consider the affidavit. In this case the attorneys for the defendants do not question the truth of the affidavit. But it frequently occurs that attorneys are unable to agree upon what was or was not said in arguments to a court. Consequently, if we permitted the record to be supplemented by affidavits of attorneys, this court would be required

in many instances to pass upon the integrity of counsel for the respective parties. Even though we assume that the grounds of the motion for a new trial were supplemented in the present case, nevertheless, in that case it was incumbent upon counsel to set forth such fact in the journal entry covering the court's ruling upon the motion for a new trial. The journal entry does not recite that one of the grounds urged in support of the motion for a new trial was that the jury's answers were inconsistent with each other, etc. The record does not properly support the contention and, therefore, no reversible error can be based thereon. In justice to counsel for the appellant in this court, it may be observed that they did not participate in the trial of the case and, consequently, are not responsible for any omissions in the record.

The third and final specification of error is that the trial court erred in setting aside the verdict rendered by the jury and rendering judgment in favor of the defendants. The defendants had filed a motion requesting such a ruling. Counsel for the plaintiff contend again in support of the specification of error that the answers to the special questions were consistent with the general verdict; that every reasonable presumption will be indulged in favor of the general verdict; that when special findings are susceptible of more than one interpretation, the one which harmonizes with the general verdict should be adopted; and that findings must be interpreted together and given any construction of which they are fairly susceptible that will support the verdict. In support of such contentions, they cite *Osburn v. Railway Co.*, 75 Kan. 746, 90 Pac. 289; *DeHardt v. Railway Co.*, 100 Kan. 24, 163 Pac. 650; *Lesher v. Carbon Coal Co.*, 127 Kan. 34, 272 Pac. 155; *Jordan v. Austin Securities Co.*, 142 Kan. 631 51 P. 2d 38; and *Jelf v. Cottonwood Falls Gas Co.*, 162 Kan. 713, 178 P. 2d 992. It is unnecessary to review the facts in the cited cases and distinguish them from the facts found by the jury in the present case. Consideration has been given to the cases cited in behalf of the plaintiff but the court is of the opinion that the present case presents a clear example in which our statutory provision applies. G. S. 1935, 60-2918, reads in part, as follows:

". . . When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly."

As before stated, the defendants' answer pleaded as a defense that the driver of the defendants' vehicle was placed in a position

of peril by a sudden emergency without warning, and that he acted as any reasonable person would in the circumstances. The jury obviously followed the theory of defense presented by the defendants in this case as shown by the answers to the special questions. The plaintiff does not contend that the theory of defense is not sound. The issue of fact was submitted to the jury on the evidence and no complaint is made that the court's instructions were improper or confused the jury. By its answers to the special questions, the jury found that the bus driver was suddenly placed in a position of peril by an automobile turning in front of him; that the bus operator used his best judgment in the emergency, and that he used the highest degree of care which the circumstances demanded. Moreover, the jury specifically found in answer to question 7 that the manner in which the bus was stopped was proper under the circumstances. It follows from the jury's answers to the special questions that the jury found the defendants were not guilty of negligence. Such being true, the special findings were inconsistent with the general verdict because the plaintiff was entitled to a general verdict against the defendants only in case the jury found that the defendants were negligent in some manner. In giving the matter consideration, we have not overlooked the jury's answer to special question No. 9 which was to the effect that the manner in which the bus was stopped was the direct and proximate cause of the plaintiff's injuries. Unquestionably, the stopping of the bus caused the plaintiff to fall and sustain injuries. But it does not follow therefrom that the defendants were guilty of negligence by reason of the manner in which the bus was stopped. Many injuries occur without negligence on the part of any one. Such is frequently true in instances of unforeseen emergencies. Subject to certain exception, not present in this case, one who acts in an emergency is not chargeable with negligence. (See *Hill v. Southern Kansas Stage Lines*, 143 Kan. 44, 53 P. 2d 923, and see, also, *Revell v. Bennett*, 162 Kan. 345, 176 P. 2d 538.) A motor bus carrier is not an insurer of the safety of its passengers (*O'Callahan v. Wichita Transportation Corp.*, 150 Kan. 280, 92 P. 2d 23), and the rule relative to conduct in a sudden emergency has been approved as a defense to a public carrier. (See *Clark v. Atchison, T. & S. F. Rly. Co.*, 127 Kan. 1, 272 Pac. 128.) The case does not present an instance wherein it can be said properly that the answers to the special questions can be reconciled or harmonized with the general verdict. (See *Ingram*

*v. Midland Valley Rld. Co.*, 134 Kan. 590, 7 P. 2d 92; *Behler v. Wichita Transportation Co.*, 136 Kan. 591, 16 P. 2d 503; *Marley v. Wichita Transportation Corp.*, 150 Kan. 818, 96 P. 2d 877; *Jilka v. National Mutual Cas. Co.*, 152 Kan. 537, 106 P. 2d 665; *Sayeg v. Kansas Gas & Electric Co.*, 156 Kan. 65, 131 P. 2d 648; *Ferguson v. Kansas City Public Service Co.*, 159 Kan. 520, 156 P. 2d 869; and *Glenn v. Montgomery Ward & Co.*, 160 Kan. 488, 163 P. 2d 427, and cases therein cited.)

The judgment of the district court is affirmed.