No. 39,516

JOHN GLADNEY, *Appellant,* v. CHARLES MILLS, *Appellee.*

(277 P. 2d 631)

Opinion filed December 11, 1954.

*Elmer C. Jackson, Jr.,* of Kansas City, argued the cause, and *Myles C. Stevens, George W. Haley,* and *William H. Towers,* all of Kansas City, were with him on the brief for the appellant.

*E. M. Boddington, Jr.,* of Kansas City, argued the cause, and *Edw. M. Boddington* and *J. O. Emerson,* both of Kansas City, were with him on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for injuries to person and property sustained in a collision of automobiles.

In his petition plaintiff alleged he was driving his car westwardly and on the proper side of the center line of the intercity

viaduct at Kansas City; that defendant was driving his car at a high rate of speed, in a reckless manner and directly at plaintiff's car and despite the fact plaintiff swerved his car to the left immediately before the collision, defendant ran at, into and on plaintiff's car striking plaintiff's car head on causing damage, and that defendant was negligent in driving his car while under the influence of intoxicating liquor, in driving at a high and reckless rate of speed, and in such manner as to make it impossible to avoid striking plaintiff's car. The defendant's answer consisted of a general denial and an allegation that plaintiff's own negligence contributed to his injuries and damage as a direct and proximate cause thereof. Plaintiff's reply denied new matter in the answer.

A trial was had and the jury returned a general verdict in favor of the defendant and answered four special questions, viz: 1. Plaintiff was guilty of negligence which contributed to his injuries as a direct and proximate cause thereof; 2. His negligence was in turning his car to the left; 3. Defendant was guilty of negligence; 4. His negligence consisted of driving his car while under the influence of intoxicating liquor. Plaintiff filed a motion for a new trial, a motion for judgment on the special questions notwithstanding the general verdict, and a motion to set aside the answers to special questions 1 and 2 because they were not supported by the evidence, and were contrary to the evidence and because those answers were contrary and inconsistent with each other. These motions were denied and judgment was rendered for defendant. In due time plaintiff perfected his appeal to this court specifying error in the ruling of the trial court on his motion for a new trial and other post-trial motions, and in the exclusion of certain evidence offered by the appellant, and the admission of certain evidence offered by appellee.

In a preliminary way it is noted that on the oral argument appellant conceded that the excluded evidence was not produced as required by G. S. 1949, 60-3004 and there is nothing before us for review. No argument is made as to any evidence admitted over objection of appellant.

In his brief appellant does not discuss separately his specifications of error. His argument that the trial court committed error may be summarized. After directing attention to decisions pointing out the distinction between negligence and wantonness

(e. g., *Wright v. Pizel*, 168 Kan. 493, 214 P. 2d 328), appellant argues that the evidence disclosed that appellee was driving his car while under the influence of intoxicating liquor and that he was guilty of wantonness; that appellant acted in an emergency created by the act of the appellee and was therefore not guilty of contributory negligence, and that the court therefore erred in not setting aside the answers to special questions 1 and 2, and in not entering judgment in appellant's favor on the answers to special questions notwithstanding the general verdict and that he should have been granted a new trial on the question of the amount of his damages only.

All of the above argument is predicated on appellant's own version of the evidence. It is true that appellant testifying in his own behalf stated that he was driving west along the viaduct at a speed of twenty to twenty-five miles per hour; that he was on his side of the dividing line along the center of the viaduct and that he saw another automobile (driven by appellee) coming down the lane in which appellant was driving and that he swerved to the left to avoid a collision and that the two cars collided on the center line, with resulting damages. Other testimony tended to show that after the accident appellee was under the influence of intoxicating liquor. It may here be remarked that a police report of the accident offered in evidence by the appellant showed that both appellant and appellee had been drinking. If there had been no other evidence, appellant's contentions would be entitled to great consideration. But there was other evidence. We need not detail appellee's own testimony denying that the collision occurred as contended by appellant, but refer only to the testimony of one Jerde who stated he was following appellant's car; that appellant's car was weaving back and forth; that he went to the right and then to the left; that appellee's car was about six feet to the south of the center line of the viaduct; that when the two cars were about fifty feet apart appellant turned his car to the left, crossed the dividing line and struck appellee's car about six feet south of the dividing line. All of this evidence was submitted to the jury under instructions which were not objected to and the jury, by its general verdict, accepted the evidence of the appellee as to how the collision occurred and where it occurred. Under such circumstances, no basis exists for any contention that appellee, while under the influence of intoxicating liquor, wantonly drove his car into that of the appellant,

or for any contention that appellee while driving his car in the lane in which appellant was entitled to and was driving his car, created an emergency from which appellant could extricate himself without being guilty of negligence which was the proximate cause of the collision. Under the situation presented the trial court did not err in denying appellant's motion to set aside the answers to special questions 1 and 2.

It has been repeatedly held that for the purpose of obtaining a ruling on a motion for judgment on answers to special questions notwithstanding the general verdict, the motion admits the findings to be true (see e. g., *Banbery v. Lewis,* 173 Kan. 59, 66, 244 P. 2d 202, and cases cited therein). Applying the rule here, the appellant was found to be guilty of negligence which was the proximate cause of his injuries and damage and that finding is consistent and not inconsistent with the general verdict. Lest it be thought the matter has been overlooked, we note no contention is made that the answers to special questions 3 and 4 compelled any judgment for appellant. We need not discuss the rule that a motion for judgment on the answers to special questions notwithstanding the general verdict should be sustained only where those answers, complete in themselves, compel a verdict. See e. g., *Ferguson v. Kansas City Public Service Co.,* 159 Kan. 520, 156 P. 2d 869, and *White v. Toombs,* 164 Kan. 635, 192 P. 2d 174. There was no answer to a special question which compelled a judgment for the appellant.

Essentially this was a fact case. The evidence disclosed fully the claims of the contending parties and the jury, under instructions of which no complaint was made, resolved the issue in favor of the appellee. There was no error in ruling on post-trial motions and the judgment of the trial court must be and it is affirmed.